## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE SMITH, individually and as<br>guardian for A.K., S.K., and M.K., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-600 JJF |
| | ) | |
| | ) | |
| | ) | |
| STATE OF DELAWARE, DEPARTMENT | ) | |
| OF SERVICES FOR | ) | |
| CHILDREN, YOUTH & THEIR | ) | |
| FAMILIES, DIVISION OF FAMILY | ) | |
| SERVICES; KATHLEEN FINN, | ) | |
| individually and in her official capacity; | ) | |
| HOME HEALTH SPECIALISTS; DORIS | ) | |
| ELLIOTT; and LINDA BRASBURGER, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT PURSUANT TO D. DEL. LR 4.1 (b)

STATE OF DELAWARE          :
                                              : SS:
COUNTY OF NEW CASTLE   :


**BE IT REMEMBERED** that on this 17th day of October, A.D. 2007, personally

came before me, the Subscriber, a Notary Public for the State and County aforesaid, James H.

McMackin, III, attorney for the Plaintiffs, who being sworn according to law did depose and say as

follows:

1.    That to the best of his knowledge, the Defendant Doris Elliott is a nonresident of the State of Delaware whose name and address is as follows:

> Doris Elliott
> 339 E. Woodlyn Circle
> Ridley Township, PA  19094

2.    That on September 28, 2007, the Complaint in the above-captioned action was filed and that on October 1, 2007, the Clerk issued a Summons to serve the Secretary of State pursuant to 10 Del. C. § 3104.

3.    That on October 4, 2007, the Return of Service was filed, a copy of which is attached as Exhibit A.

4.    That on October 5, 2007, the said James H. McMackin, III, Esquire, caused a copy of the Notice, attached hereto as Exhibit B, to be mailed by Registered Mail to the following defendant: Doris Elliott.

5.    That on October 16, 2007, he, James H. McMackin, III, Esquire, received from the postal authority the domestic return receipt signed by the following:  D. Elliott.  The receipt is attached hereto as Exhibit C.

6.    That the said receipt has the same registered number, to-wit: RB 420 633 643 US, as the receipt received at the time of the mailing of said notice, attached hereto as Exhibit D.

- SIGNATURE ON NEXT PAGE –

MORRIS JAMES LLP

Richard Galperin (#390)
rgalperin@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899
(302) 888-5849
Attorneys for Plaintiffs

Dated:  October 17, 2007

SWORN TO AND SUBSCRIBED before me the day and year aforesaid:

Notary Public

**TERESA A. ATWELL**
Notary Public - State of Delaware
My Comm. Expires Dec. 19, 2010

# EXHIBIT   A

✎ AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of   Delaware

| | |
|---|---|
| DIANE SMITH, individually and as guardian for A.K., S.K., and M.K., <br>         Plaintiffs, <br><br>         V. <br><br> STATE OF DELAWARE, DEPARTMENT OF SERVICES FOR CHILDREN, YOUTH & THEIR FAMILIES, DIVISION OF FAMILY SERVICES; et al., <br>         Defendants. | **SUMMONS IN A CIVIL CASE** <br><br><br> CASE NUMBER:  07-600 |

TO: (Name and address of Defendant)

DORIS ELLIOTT
c/o Delaware Secretary of State
401 Federal Street, Suite 3
Dover, DE  19901

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Richard Galperin, Esq.
James H. McMackin, III, Esq.
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
302.888.6800

an answer to the complaint which is served on you with this summons, within _____ Twenty (20) _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO                                        OCT 0 1 2007

CLERK _____          DATE _____

(By) DEPUTY CLERK

2002 © American LegalNet, Inc.

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE *October 3, 2007* |
| NAME OF SERVER *(PRINT)* *Edward Jones* | TITLE *Process Server* |

*Check one box below to indicate appropriate method of service*

☑ Served personally upo n the defendant. Place where *Secretary of State, 401 Federal Street, Dover DE 19901 service accepted by Karen Charbonneau at 12:45 pm.*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were _____

☐ Returned _____

_____

_____

☐ Other (specif y): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  *October 3, 2007*          *Edward Jones I*
_____     _____
Date                                    Signature of Server

*15 East North Street Dover DE 19901*
_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## Service of Process:

1:07-cv-00600-UNA Smith et al v. State of Delaware Department of Services for Children, Youth & Their Families; Division of Family Services et al

### U.S. District Court

### District of Delaware

## Notice of Electronic Filing

The following transaction was entered by McMackin, James on 10/4/2007 at 3:23 PM EDT and filed on 10/4/2007

| | |
|---|---|
| **Case Name:** | Smith et al v. State of Delaware Department of Services for Children, Youth & Their Families; Division of Family Services et al |
| **Case Number:** | 1:07-cv-600 |
| **Filer:** | Diane Smith |
| | A.K. |
| | S.K. |
| | M.K. |
| **Document Number:** | 4 |

## Docket Text:
Return of Service Executed by Diane Smith, A.K., S.K., M.K.. Doris Elliott served on 10/3/2007, answer due 10/23/2007. (McMackin, James)

**1:07-cv-600 Notice has been electronically mailed to:**

James H. McMackin , III    JMcMackin@MorrisJames.com, jmcvey@morrisjames.com

**1:07-cv-600 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/4/2007] [FileNumber=454281-0]
[0f291a307a512d74acc2fc24f82d6d894f7ceadc6195cef38727260ea7a293581a77
8c66e16c2a78cfa1651839c1fd7a83baeecdee5ce092193c1bfcdda008f8]]

# EXHIBIT  B

# Morris James LLP

James H. McMackin, III
302.888.5849
jmcmackin@morrisjames.com

October 5, 2007

**VIA REGISTERED MAIL NO. RB 420 633 643 US**
**RETURN RECEIPT REQUESTED**

Doris Elliott
339 E. Woodlyn Circle
Ridley Township, PA 19094

Re: ***Diane Smith, et al., v. State of Delaware, Department of Services for***
***Children, Youth & Their Families, Division of Family Services, et al.,***
***D.Del., C.A. No.07-600***

Dear Ms. Elliott:

Please be advised that you have been served with Process (Summons) and Complaint in
Delaware pursuant to 10 Del. C. § 3104. Service of the original Summons and Complaint in the
above referenced case has been made upon the Delaware Secretary of State as agent for
acceptance of legal process. Under 10 Del. C. § 3104, such service is as effectual to all intents
and purposes as if it had been made upon you within Delaware.

Enclosed please find a copy of the Summons and Return of Service and the Complaint.
Thank you for your attention to this matter.

Yours Very Truly,

James H. McMackin, III

JHM/
Enclosures

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of  Delaware

DIANE SMITH, individually and as guardian for A.K.,
S.K., and M.K.,

        Plaintiffs,

            V.

STATE OF DELAWARE, DEPARTMENT OF SERVICES
FOR CHILDREN, YOUTH & THEIR FAMILIES,
DIVISION OF FAMILY SERVICES; et al.,

        Defendants.

## SUMMONS IN A CIVIL CASE

CASE NUMBER:  07-600

TO: (Name and address of Defendant)
DORIS ELLIOTT
c/o Delaware Secretary of State
401 Federal Street, Suite 3
Dover, DE  19901

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Richard Galperin, Esq.
James H. McMackin, III, Esq.
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
302.888.6800

an answer to the complaint which is served on you with this summons, within _____ Twenty (20) _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

PETER T. DALLEO

OCT 0 1 2007

| CLERK | DATE |
|-------|------|
| (By) DEPUTY CLERK | |

2002 © American LegalNet, Inc.

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | October 3, 2007 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| Edward Jones | Process Server |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where Secutary of State, 401 Federal Street, Dover DE 19901 service accepted by Karen Charbonneau at 12:45 pm.

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were _____

☐ Returned _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   October 3, 2007        *Edward Jones I*
            Date                         *Signature of Server*

                          15 East North Street Dover DE 19901
                            *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**Service of Process:**

<u>1:07-cv-00600-UNA Smith et al v. State of Delaware Department of Services for Children, Youth & Their Families; Division of Family Services et al</u>

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered by McMackin, James on 10/4/2007 at 3:23 PM EDT and filed on 10/4/2007

| | |
|---|---|
| **Case Name:** | Smith et al v. State of Delaware Department of Services for Children, Youth & Their Families; Division of Family Services et al |
| **Case Number:** | <u>1:07-cv-600</u> |
| **Filer:** | Diane Smith |
| | A.K. |
| | S.K. |
| | M.K. |
| **Document Number:** | <u>4</u> |

**Docket Text:**
Return of Service Executed by Diane Smith, A.K., S.K., M.K.. Doris Elliott served on 10/3/2007, answer due 10/23/2007. (McMackin, James)

**1:07-cv-600 Notice has been electronically mailed to:**

James H. McMackin , III    JMcMackin@MorrisJames.com, jmcvey@morrisjames.com

**1:07-cv-600 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/4/2007] [FileNumber=454281-0]
[0f291a307a512d74acc2fc24f82d6d894f7ceadc6195cef38727260ea7a293581a77
8c66e16c2a78cfa1651839c1fd7a83baeecdee5ce092193c1bfcdda008f8]]

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

DIANE SMITH, individually and as guardian for
A.K., S.K. and M.K.

**DEFENDANTS**

STATE OF DELAWARE, DEPARTMENT OF SERVICES FOR CHILDREN, YOUTH & THEIR FAMILIES, DIVISION OF FAMILY SERVICES; KATHLEEN FINN, individually and in her official capacity; HOME HEALTH SPECIALISTS; DORIS ELLIOTT; and LINDA BRASBURGER

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**.

**(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**
Richard Galperin/James H. McMackin, III
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
302-888-6800

**ATTORNEYS (IF KNOWN)**

| **II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY) | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" ONE BOX FOR PLAINTIFF |
|---|---|---|
| | | (For Diversity Cases Only) AND ONE BOX FOR DEFENDANT) |

| | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 | Federal Question (U.S. Government Not a Party) | Citizen of This State ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| | | | Citizen or Subject of a ☐ 3 Foreign Country | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R. R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers | Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt Reporting | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | or Defendant) | Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | ☐ 530 General | | ☐ 871 IRS – Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Civil rights action under 28 U.S.C. §§ 1331 and 1343

| **VII. REQUESTED IN COMPLAINT:** ☐ | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE _____ DOCKET NUMBER _____

**DATE**
September 28, 2007

**SIGNATURE OF ATTORNEY OF RECORD**
*Jam H. McMackin III*

**FOR OFFICE USE ONLY**

RECEIPT# _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

✎ AO 85 (Rev. 8/98)  Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

_____    District of _____

|  |  |
|---|---|
| Plaintiff<br>V.<br><br>Defendant | NOTICE, CONSENT, AND ORDER OF REFERENCE —<br>EXERCISE OF JURISDICTION BY A UNITED STATES<br>MAGISTRATE JUDGE<br><br>Case Number: _____ |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____    _____
Date                                              United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DIANE SMITH, individually and as )
guardian for A.K., S.K., and M.K., )
                                    )     JURY TRIAL DEMANDED
           Plaintiffs, )
                                      )
    v.                       )     Civil Action No.
                                      )
                                      )
STATE OF DELAWARE, DEPARTMENT )
OF SERVICES FOR )
CHILDREN, YOUTH & THEIR )
FAMILIES, DIVISION OF FAMILY )
SERVICES; KATHLEEN FINN, )
individually and in her official capacity; )
HOME HEALTH SPECIALISTS; DORIS )
ELLIOTT; and LINDA BRASBURGER, )
                                      )
           Defendants. )

## COMPLAINT

### INTRODUCTION

      This is a federal question action, pursuant to 28 U.S.C. §§ 1331 and 1343, for

damages alleging, among other things, violations of the plaintiffs' civil rights, arising out of the

defendants' malicious and willful conspiracy to interfere with plaintiff Diane Smith's ("Smith")

custody of her children, and Defendant Kathleen Finn's ("Finn") willful defiance of a court order.

      1.      Smith is an individual and all times relevant to this complaint has been a

resident of New Castle County, State of Delaware, residing at 2001 Floral Drive, Wilmington,

DE 19810.

2.      Plaintiff A.K. ("A.K.") is an individual and all times relevant to this complaint has been a resident of New Castle County, State of Delaware, residing at 2001 Floral Drive, Wilmington, DE 19810.

3.      Plaintiff S.K. ("S.K.") is an individual and all times relevant to this complaint has been a resident of New Castle County, State of Delaware, residing at 2001 Floral Drive, Wilmington, DE 19810.

4.      Plaintiff M.K. ("M.K.") is an individual and all times relevant to this complaint has been a resident of New Castle County, State of Delaware, residing at 2001 Floral Drive, Wilmington, DE 19810.

5.      Defendant State of Delaware, Department of Services for Children, Youth & Their Families, Division of Family Services ("DFS") is a state agency of the State of Delaware created by state law.  Defendant DFS may be served by serving its principal place of business at 1825 Faulkland Road, Wilmington, DE 19805.  DFS conducts business in the State of Delaware relevant to this dispute.

6.      Defendant Kathleen Finn ("Finn") was at all times relevant to this complaint a Family Service Specialist employed by DFS.  Finn conducted business in the State of Delaware relevant to this dispute.

7.      Defendant Home Health Specialists ("Home Health Specialists") is a home nursing care agency.  Home Health Specialists may be served at their principal business address of 306 East Baltimore Avenue, Media, PA 19063.  Home Health Specialists conducted business in the State of Delaware relevant to this dispute.

2

8.    Defendant Doris Elliott ("Elliott") was or is an employee of Home Health Specialists.  Elliott may be served at 339 E. Woodlyn Circle, Ridley Township, PA 19094.  Elliott conducted business in the State of Delaware relevant to this dispute.

9.    Defendant Linda Brasburger ("Brasburger" and collectively with Elliott, the "Nurses".  The Nurses, collectively with Finn and DFS, are referred to as the "Defendants") was or is an employee of Home Health Specialists.  She may be served at 1504 N. Harrison St., Wilmington, DE 19809.  Brasburger conducted business in the State of Delaware relevant to this dispute.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 in that it involves a federal question and a federal statute.  This Court has supplemental jurisdiction to hear matters arising under State law pursuant to 28 U.S.C. § 1367.

11.    Venue in this district is proper pursuant to 28 U.S.C. § 1391 where a substantial part of the events or omissions giving rise to the claim occurred.

## ALLEGATIONS COMMON TO ALL COUNTS

12.    Smith is a registered nurse licensed in the State of Delaware for in excess of 10 years.  At the time of the incidents giving rise to this complaint, Smith was employed as the staff developer at Hockessin Hills where she had worked since August of 2005.

13.    Plaintiffs A.K., S.K., and M.K. (collectively the "Children") are the natural born children of Smith.  At all times relevant to this complaint, Smith shared legal custody over the Children with her ex-husband.

3

14.     The Nurses rendered services as home health care nursing providers in Smith's home beginning February, 2001. The Nurses' services were paid for by Smith's insurance company and Medicare. Initially, the Nurses, Smith and the Children were like family.

15.     In the weeks leading up to November, 2005, Smith and the Nurses began disagreeing on what was best for the Children. The Nurses became unusually and in a concerning manner attached to the Children. The Nurses over-stepped their bounds, rearranged the home and exercised free reign over the home. The Nurses attempted to take over the parenting and raising of the Children. This caused significant disagreement between Smith and the Nurses. Elliott struck M.K. on at least one occasion. The Children were terrified of Elliott and would cry when they knew she would be caring for them. Elliott referred to herself as "Mom" to the kids. This behavior was witnessed and reported to Home Health Specialists by Mia Heutt, a nurse, but Home Health Specialists never investigated the report and never notified Smith of the report.

16.     On November 4, 2005, Smith made arrangements to go away for one night, to Wayne, PA, one-half hour away from home.

17.     Prior to leaving for the night of November 4, 2005, Smith made arrangements with family to care for the Children during her absence. At all times during Smith's planned absence, when the Nurses were not going to be providing care for the Children, Smith's family members planned to watch the Children. Such persons were trained by A.I. DuPont hospital or Smith and the Nurses with respect to the administration of lifesaving procedures in the event one of the Children was in distress.

18.     On numerous occasions other than November 4, 2005, the Children were supervised by non-medical staff. Among other persons, Leslie Smith, Stacey Galperin and

4

members of Smith's and her ex-husband's family watched the Children, with the Nurses' awareness, without the Nurses' objection, and at the Nurses' convenience.

19.    During the afternoon of November 4, 2005, during a period of time in which Brasburger was supposed to have been providing services and watching the Children, the Nurses called DFS and stated the Children were left home and in danger. They also stated, despite knowledge to the contrary, there was not going to be appropriate supervision of the Children through the remainder of Smith's planned absence. The Nurses informed DFS that Smith was not feeding the Children, was beating the Children, neglected the Children, and was not providing medical care to the Children. The Nurses knew or should have known such statements were false. On information and belief, the Nurses, in bad faith and/or in reckless disregard for the truth, intentionally fabricated these statements in order to take the Children from Smith and/or to harm Smith or the Children.

20.    The staff of A.I. DuPont Hospital determined the Children were not malnourished or otherwise in distress.

21.    Smith immediately returned home upon being notified DFS was called.

22.    Finn and the Nurses collaborated and/or conspired with the purpose of removing Smith's custody of the Children and/or to harm Smith or the Children. The Nurses were jealous of Smith. Each stated she wanted additional children. S.K.'s surgery was scheduled for early 2006. The Nurses knew when S.K.'s surgery was complete they would lose their assignment in the Smith household.

23.    In November 2005, Finn, collaborating with the Nurses, filed an emergency *ex parte* motion in the Family Court for temporary custody of the Children to be granted to DFS. It alleged the Children were left with an unsuitable caretaker, Smith hit them

with objects, two of the Children have special medical needs and M.K. has behavioral issues. It alleges the Nurses determined the caretakers for the weekend had no medical training. It also alleges the caretaker had a DUI conviction, and the mother would not return until Saturday night. The emergency *ex parte* custody motion was filed based upon false information provided by the Nurses.

24.    Prior to Smith's departure for the weekend, the nurses knew for weeks in advance who would be providing care to the Children. However, only after Smith left did the Nurses call DFS.

25.    The Nurses' statements to DFS were misleading because, among other things, the uncle who was to watch the Children was not the only family member responsible for watching the Children during Smith's absence. Leslie Smith, Smith's former father-in-law, planned to care for the Children during Smith's absence. Each was trained by A.I. DuPont or Smith and the Nurses.

26.    A hearing on the Petition for Custody was held on November 16, 2005 before Judge William Chapman. Temporary custody of the Children was granted to DFS with Smith granted visitation. The hearing was held *ex parte*.

27.    On December 13, 2005, the State of Delaware Department of Justice moved the Court to rescind DFS' custody, and return custody back to Smith and her ex-husband with residential placement with Smith. The Motion to Rescind Custody states, among other things, that Smith "is well versed in the medical care required by the Children, and the Children will be better off in a familiar environment."

28.    The Motion to Rescind Custody also states that "since the date [A.K., S.K., and M.K.] returned home to their mother, no problems have existed."

6

29.     On December 22, 2005, Judge William Chapman granted a preliminary protective hearing order providing that the Children were to be placed in the home of Smith and Smith's mother.  It also found that continuing the Children's residence in Smith's is not contrary to their best welfare.

30.     On January 2, 2006, Finn filed an affidavit and moved the Family Court to place Smith on the Child Protection Registry (the "Registry") at Child Protection Level III pending a final order on a Petition for Substantiation.  On January 15, 2006, the Family Court reviewed and denied Finn's request to place Smith on the Registry.

31.     On January 27, 2006, Judge Chapman rescinded full custody of the Children to their parents, with primary residential placement with Smith.

32.     Smith was not arrested for her alleged child abuse.

33.     Irrespective of Judge Chapman's order to the contrary, Finn undertook efforts to have Smith placed, and Smith was placed, on the Registry.

34.     On February 16, 2006, attorney Richard Galperin wrote to James R. Adams, Esquire of the Department of Justice seeking to have Smith removed from the Registry.  On July 28, 2006, attorney Rich Galperin then contacted Deputy Attorney General Anthony V. Longo with respect to the removal of Smith's name from the Registry.  On July 28, 2006, Deputy Attorney General Anthony Long informed attorney Rich Galperin Smith's name was removed from the Registry pending a substantiation hearing.  On August 14, 2006, Deputy Attorney General Anthony Longo informed Rich Galperin after confirming with DFS, DFS would not pursue substantiation against Smith.  Therefore, Smith was told her name was not going to be placed back on the Registry.

35.    On Tuesday, February 14, 2006, the News Journal wrote an article highlighting Smith's exemplary efforts to care for the Children. The article was set up by Smith's former employer as an accolade.

36.    After S.K.'s surgery in February, 2006, Smith and the Children stayed with S.K. in Cincinnati, Ohio until April 8, 2006. In or around August, S.K. recovered sufficiently such that Smith could return to work.

37.    Smith was offered her old job back in September or October 2006 at Hockessin Hills. Her job offer subsequently revoked upon Hockessin Hills becoming aware Smith had been at one time placed on the Registry.

38.    Smith has since applied for other comparable jobs and was turned down because her name was at one time on the Registry.

39.    Smith lost significant pay, benefits and opportunities as a result of being placed on the Registry.

40.    DFS is liable for the acts of Finn on the basis of respondeant superior. At all times Finn acted as the agent, servant or employee of DFS and as such DFS is vicariously liable for her action.

41.    Home Health Specialists is responsible for the actions of the Nurses on the basis of respondeant superior. At all times the Nurses acted as the agent, servant or employee of Home Health Specialists, and as such Home Health Specialists is vicariously liable for their actions.

8

## COUNT I

### FALSE IMPRISONMENT – AGAINST ALL DEFENDANTS

42.     Plaintiffs repeat and re-allege paragraphs 1 through 41 as if fully set forth herein.

43.     The Defendants willfully and intentionally confined the Children within fixed boundaries. The Children were contained within physical barriers and unfree to leave.

44.     The Defendants willfully and intentionally caused the Children to be confined within fixed boundaries. The children became hysterical.

45.     The Children were conscious and aware of the fact they were confined.

46.     The Children were harmed by their confinement and suffered physical manifestations.

47.     The Children submitted to the threat of physical force or duress.

48.     The Defendants acted with malice.

49.     The Defendants intended to affect the Children and/or Smith.

50.     Each Defendant instigated and/or participated in the confinement.

51.     Each of the Defendants knew or should have known the allegations of child abuse were falsified. Each of the Defendants acted in the reckless disregard, and in bad faith, in separating the Children and Smith, and removing the Children from Smith's custody.

52.     The Children and Smith were damaged by the false imprisonment in an amount to be proven at trial.

COUNT II

**NEGLIGENCE (AGAINST THE NURSES AND HOME HEALTH SPECIALISTS)**

53.    The plaintiffs repeat and re-allege paragraph 1 through 52 as if fully set forth herein.

54.    The Nurses have a duty to provide accurate and truthful information to DFS.

55.    The Nurses breached this duty by providing inaccurate information to DFS.

56.    The inaccurate information provided by the Nurses to DFS was the proximate cause of the Children being taken from Smith for an extended period of time.

57.    The Children and Smith were damaged as a result of the Nurses' negligence in an amount to be proven at trial.

COUNT III

**DEFAMATION (AGAINST THE NURSES AND HOME HEALTH SPECIALISTS)**

58.    The plaintiffs repeat and re-allege paragraphs 1 through 57 as if set forth fully herein.

59.    The Nurses made false and defamatory statements to DFS, including statements that Smith abused the Children.

60.    The false and defamatory statements were told by the Nurses to representatives of DFS.

61.    The Nurses knew or should have known the statements made to DFS and/or its representatives were false.

10

62.    Smith's reputation has been harmed as a result of the false and defamatory statements made by the Nurses.

63.    The statements made by the Nurses were not only false, but they also imputed a criminal offense.

64.    In addition to the harm to Smith's reputation, Smith is unable to find work comparable to that which she had enjoyed prior to November, 2005. Smith was a well known member of the nursing and non-profit community. The nursing community in Delaware is a tight-knit community and many members of the community became aware of the allegations levied against Smith.

65.    The harmful, false, and defamatory statements made by the Nurses, proximately caused Smith to suffer damages in an amount to be proven at trial.

### COUNT IV

### MALICIOUS PROSECUTION (AGAINST THE NURSES AND HOME HEALTH SPECIALISTS)

66.    The plaintiffs repeat and re-allege paragraphs 1 through 65 as if set forth fully herein.

67.    There was no probable cause to believe Smith abused her children.

68.    The Nurses procured the initiation of abuse proceedings against Smith and sought the initiation of proceedings for an improper purpose.

69.    The abuse proceedings were not substantiated.

70.    The abuse proceedings were terminated in favor of Smith.

71.    The Nurses acted in bad faith when contacting DFS concerning the alleged abuse.

72.    The plaintiffs were damaged in an amount to be proven at trial.

## COUNT V

### MALICIOUS PROSECUTION (AGAINST FINN AND DFS)

73.    The plaintiffs repeat and re-allege paragraphs 1 through 72 as if set forth fully herein.

74.    Finn initiated proceedings against Smith. Finn could not reasonably have believed there were facts to support the allegations of child abuse. Lacking probable cause, Finn initiated proceedings against Smith.

75.    The proceedings were not initiated for a proper purpose.

76.    The proceedings did not result in a substantiation of child abuse.

77.    The proceedings were terminated in favor of Smith.

78.    Smith was damaged in an amount to be proven at trial.

## COUNT VI

### WRONGFUL USE OF CIVIL PROCEEDINGS (AGAINST FINN AND DFS)

79.    The plaintiffs repeat and re-allege paragraphs 1 through 78 as if set forth fully herein.

80.    Finn initiated proceedings against Smith. Finn could not reasonably have believed there were facts to support the allegation of child abuse. Lacking probable cause, Finn initiated proceedings against Smith.

81.    The proceedings were not initiated for a proper purpose.

82.    The proceedings did not result in a substantiation of child abuse.

83.    The proceedings were terminated in favor of Smith.

84.    Smith was damaged in an amount to be proven at trial.

12

## COUNT VII

### VIOLATION OF 42 U.S.C. § 1983 – DEPRIVATION OF CIVIL RIGHTS FOR TAKING THE CHILDREN/VIOLATING PRIVACY (AGAINST ALL DEFENDANTS)

85.    The plaintiffs repeat and re-allege paragraphs 1 through 84 as if set forth fully herein.

86.    The Nurses knowingly and voluntarily used Finn and DFS to take the Children from Smith and/or to harm Smith or the Children.

87.    Finn acted under color of state law when she initiated proceedings against Smith.

88.    The Defendants acted in bad faith when initiating proceedings, or causing proceedings to be initiated, against Smith.

89.    The Defendants' interfered with Smith's right to work, right to raise her children, right to privacy, and right of family association, and abused authority.

90.    Finn acted in bad faith by initiating abuse proceedings against Smith when she knew or should have known the allegations were false.  Finn abused her authority by knowingly acting without probable cause in initiating abuse proceedings against Smith.

91.    The Nurses willfully participated in joint action with Finn and/or DFS and willfully collaborated and/or jointly engaged with Finn and/or representatives of DFS to deprive Smith of the civil rights identified herein.

92.    Finn purported to act in her official capacity when she wrongfully initiated abuse proceedings against Smith.

93.    The plaintiffs were damaged in an amount to be proven at trial.

## COUNT VIII

### VIOLATION OF SMITH'S CIVIL RIGHTS
### FOR ADDING HER NAME TO THE REGISTRY (AGAINST FINN AND DFS)

94.    The plaintiffs repeat and re-allege paragraphs 1 through 93 as if set forth fully herein.

95.    The petition to add Smith's name to the Registry was reviewed and denied. Irrespective of the fact the petition to add Smith's name to the Registry was denied, Finn caused Smith's name to be added to the Registry. This intentional abuse of authority by Finn shocks the conscience and deprived Smith of numerous potential interests, as set forth herein.

96.    As a result of her name being added to the Registry, Smith has suffered harm to her reputation and an inability to find and secure gainful employment, and other damages.

97.    Smith has suffered damages to interests protected by law.

98.    Smith has suffered damages in an amount to be proven at trial.

## COUNT IX

### DEFAMATION/LIBEL FOR PUTTING SMITH'S
### NAME ON THE REGISTRY (AGAINST FINN AND DFS)

99.    The plaintiffs repeat and re-allege paragraphs 1 through 98 as if set forth fully herein.

100.    Finn knew or should have known Smith did not engage in child abuse after the petition to put Smith's name on the Registry was denied.

101.    Smith did not abuse her children.

102.    Finn acted in bad faith by putting Smith's name on the Registry.

14

103.    Smith has suffered damages to her reputation, and other harm as a result of her name being put on the Registry.

104.    Smith has been damaged in an amount to be proven at trial by her name being inappropriately placed on the Registry.

## COUNT X

### INTERFERENCE WITH CUSTODY (AGAINST ALL DEFENDANTS)

105.    The plaintiffs repeat and re-allege paragraphs 1 through 104 as if set forth fully herein.

106.    The Nurses knew or should have known the statements of child abuse alleged against Smith were false.  The Nurses, collaborating with Finn, attempted to, and did, interfere with Smith's custody of her children, as a result of the Children being placed in the custody of DFS.

107.    The Children were placed in the care of DFS as a result of statements which were false, and the Defendants knew or should have known the statements were false.

108.    The plaintiffs were damaged in an amount to be proven at trial.

## COUNT XI

### CIVIL CONSPIRACY (AGAINST ALL DEFENDANTS)

109.    The plaintiffs repeat and re-allege paragraphs 1 through 108 as if set forth fully herein.

110.    The Nurses and Finn knowingly and actually confederated, cooperated, knowingly participated, and conspired to violate the plaintiffs' civil rights, interfere with Smith's custody of her children, damage Smith's reputation, falsely imprison the Children, invade the

15

plaintiffs' privacy, and maliciously prosecute Smith due to their bad faith and willful misconduct.

111.    The plaintiffs were damaged in an amount to be proven at trial.

## COUNT XII

### SUBSTANTIVE DUE PROCESS
### (AGAINST FINN AND DFS)

112.    The plaintiffs repeat and re-allege paragraphs 1 through 111 as if set forth fully herein.

113.    The Family Court denied the petition to place Smith on the Registry.

114.    Finn caused Smith's name to he placed on the Registry irrespective of the Court's order to the contrary.

115.    Finn knowingly and willfully acted in bad faith by placing Smith's name on the Registry.

116.    It shocks the conscience that Finn placed Smith's name on the Registry irrespective of the Court's order.

117.    Smith has suffered reputational, financial, and other harm as a result of her name being placed inappropriately on the Registry.

118.    Smith has been damaged in an amount to be proven at trial.

## COUNT XIII

### NEGLIGENT HIRING
### (AGAINST HOME HEALTH SPECIALISTS AND DFS)

119.    The plaintiffs repeat and re-allege paragraphs 1 through 118 as if set forth fully herein.

16

120.    Home Health Specialists and DFS had and have a duty to use reasonable care when hiring employees.

121.    Home Health Specialists breached its duty of reasonable care when hiring the Nurses as demonstrated by the Nurses' bad faith conduct towards the plaintiffs.

122.    DFS breached its duty of reasonable care when hiring as demonstrated by Finn's bad faith conduct towards the plaintiffs.

123.    Home Health Specialists' hiring of the Nurses was the proximate cause of the plaintiffs being exposed to the Nurses' bad faith conduct.

124.    DFS' hiring of Finn was the proximate cause of the plaintiffs being exposed to Finn's bad faith conduct.

125.    The plaintiffs were damaged in an amount to be proven at trial.

## COUNT XIV

### NEGLIGENCE
### (AGAINST HOME HEALTH SPECIALISTS)

126.    The plaintiffs repeat and re-allege paragraphs 1 through 125 as if set forth fully herein.

127.    Home Health Specialists was informed by Mia Heutt that Elliott struck M.K. on at least one occasion. Home Health Specialists never investigated the report and never notified Smith of the report.

128.    Home Health Specialists had a duty to investigate the report and notify Smith of the report.

129.    Home Health Specialists breached this duty by not investigating the report or notifying Smith of the report.

130.   If Smith was aware Elliot struck one of the children, she would not have permitted Elliott to be in her home.

131.   Home Health Specialists' failure to investigate the report or notify Smith of the report was the proximate cause of the Nurses being able to continue serving in Smith's home such that they had access to the Children and were able to contact DFS and set in motion the course of events described herein.

132.   The plaintiffs were damaged in an amount to be proven at trial.

WHEREFORE, the plaintiffs demand judgment against the Defendants as follows:

A.   For past present and future lost wages and contributions, including but not limited to wages and benefits;

B.   For loss of all medical, long term disability, life insurance, visual and dental benefits;

C.   For compensation for emotional and psychological damage;

D.   For punitive damages;

E.   For an award of costs;

F.   For an award of pre-judgment and post-judgment interest

G.   For attorneys' fees; and

H.   For any other relief the Court deems just and appropriate.

- SIGNATURE ON NEXT PAGE –

MORRIS JAMES LLP


Richard Galperin (#390)
rgalperin@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
(302) 888-5849
Attorneys for Plaintiffs

Dated: September 28, 2007

1576844/2

19

# EXHIBIT  C

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ⬭⬭⬭⬭  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

1. Article Addressed to:

Doris Elliott
339 E. Woodlyn Circle
Ridley Township, PA
19094

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    RB 420 633 643 US

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# EXHIBIT   D



Registered No. RB 420 633 643 US

Date Stamp

Reg Fee $RB42063364

Handling Charge $ $9.50

Postage $ $0.00

Received by $1.65

Return Receipt $

Restricted Delivery $ $2.15

$0.00

Customer Must Declare Full Value $

☐ With Postal Insurance
☐ Without Postal Insurance

FROM
James H. McMackin, III
Morris James LLP
500 Delaware Ave, Ste 1500
Wilmington, DE 19801

TO
Doris Elliott
339 E. Woodlyn Circle
Ridley Township, PA 19094

PS Form 3806, June 2002    Receipt for Registered Mail    Copy 1 - Customer (See Information on Reverse)

For delivery information, visit our website at www.usps.com ®