**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DIANE SMITH, individually, and as guardian for A.K., S.K., and M.K., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   C.A. No. 07-600 JJF<br>) |
| STATE OF DELAWARE, DEPARTMENT OF FAMILIES, DIVISION OF FAMILY SERVICES; KATHLEEN FINN; HOME HEALTH SPECIALISTS; DORIS ELLIOTT; and LINDA BRASBURGER, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ANSWER OF DEFENDANT DIVISION OF FAMILY SERVICES**

The defendant Division of Family Services responds as follows to the allegations set forth in the Complaint filed on behalf of the plaintiffs:

1.   Admitted, by information and belief.

2.   Admitted, by information and belief.

3.   Admitted, by information and belief.

4.   Admitted, by information and belief.

5.   Denied as alleged. Admitted only that the Division of Family Services (hereinafter "DFS") is an agency of the State of Delaware within the Department of Services for Children, Youth & their Families (hereinafter "Dept. of Families") and is subject to service of process.

6. Denied as alleged. Admitted only that Finn was employed by DFS at the time of the matters alleged in the Complaint. Finn is no longer employed by DFS at this time.

7. Defendant is without sufficient information or knowledge to respond.

8. Defendant is without sufficient information or knowledge to respond.

9. Defendant is without sufficient information or knowledge to respond.

10. Denied. The Complaint fails to state a federal claim. The matters alleged are within the exclusive jurisdiction of the Family Court of the State of Delaware.

11. Admitted, subject to the objection as to federal jurisdiction set forth in paragraph 10 above.

12. Admitted, by information and belief, that the adult plaintiff is a nurse. The answering defendant is without sufficient information to respond to the balance of the averment.

13. The first sentence is admitted. The answering defendant is without sufficient information to respond to the balance of the averment.

14. The answering defendant is without sufficient information to respond to the averment.

15. Admitted only that the nurses provided home health care for the children. The answering defendant is without sufficient information to respond to the balance of the averment.

16. Denied as alleged. Admitted only that, on the date in question, the adult plaintiff was away from home and the children for a number of hours, visiting a paramour.

17. Denied as alleged. The adult plaintiff failed to make proper arrangements for the medical care of the children. The children were left in the care of a juvenile with a history of delinquency and psychiatric issues, and an adult with a criminal record and a history of substance abuse. The adult plaintiff failed to make arrangements for the nurses to be present. The balance of the averment is denied.

18. Denied as alleged. Admitted only that the adult plaintiff failed to make arrangements for the care of the minor children by medical professionals capable of rendering emergency care. The answering defendant is without knowledge as to the co-defendants' actions with regard to allowing the minor children to be supervised by non-medical caregivers on other occasions. By information and belief, the adult plaintiff left the children in the care of unqualified non-medical persons prior to the intervention of DFS.

19. Denied as alleged. Admitted only that, on the date set forth, DFS received a complaint that the minor children had been left in the home by the adult plaintiff without appropriate medical care, and were at immediate risk. Upon further investigation, DFS received evidence of other instances of neglect and of abuse of the children by the adult plaintiff. The answering defendant is without sufficient information or knowledge to respond to the allegations directed at the co-defendants.

20. Admitted. By way of further answer, the children remained at the Hospital on a "social admission" until adequate arrangements could be made for their medical care and supervision.

21. Denied. By way of further response, the adult plaintiff first indicated to DFS, at approximately 3:00 p.m. on November 4, 2005, that she would not be returning

home until the following day. In a subsequent conversation, at approximately 4:30 p.m. on the same day, the adult plaintiff indicated that she would return home if DFS wanted her to return.

22.   Denied as alleged. Admitted only that DFS intervened amid evidence of dependency, neglect, and abuse and removed the minor children from the care of unsuitable persons, pending further investigation. It was determined by Finn and DFS, and subsequently confirmed by a Family Court Judge, that temporary placement of the minor children was justified, pending further investigation of dependency, neglect, and abuse by the adult plaintiff. The answering defendant is without knowledge or information regarding allegations directed at the co-defendants.

23.   Denied as alleged. See the answer to paragraph 22 above, which is restated and incorporated herein by reference. The emergency petition filed with (and granted by) the Family Court speaks for itself, and is incorporated herein by reference. The facts in the Petition were those determined by Finn and DFS upon observation and investigation at the home (in the absence of the adult plaintiff), through interviews with the children, a criminal record check of the caregivers, investigation of collateral sources, and upon information from the co-defendants.

24.   Denied as alleged. Admitted only that DFS was contacted concerning the welfare of the children during a time period when the adult plaintiff was absent from the home, and failed to return, and the children were left in the custody of unqualified caregivers. The answering defendant is without sufficient knowledge or information to respond to the allegations concerning the co-defendants' knowledge of the adult plaintiffs' arrangements (or lack thereof) as to medical care for the children.

25.     Denied as alleged.  The children were left by the adult plaintiff with a juvenile half-brother and an uncle, neither of whom were suitable caregivers.  The former father-in-law of the adult plaintiff was not present at the residence with the children when the DFS social workers arrived.  He arrived later and asked to speak to the DFS workers.  He has limited medical training, but had experienced problems caring for A.K.  DFS is without knowledge as to any other arrangements the adult plaintiff now claims to have made for the care of the children during her absence.

26.     Denied as alleged.  A Preliminary Protective Hearing was held in the Family Court on November 16, 2005, with counsel for the parents and counsel for the children present.  The findings of the Court are as set forth in the Order of Judge Chapman, which is incorporated herein by reference.  The parents stipulated to probable cause, and the Court found that the children continued to be dependent.  The children were allowed to remain in the residence of the adult plaintiff subject to a safety plan developed by DFS and approved by the Court, which called for a responsible adult to be present at all times to monitor the adult plaintiff's interaction with the children.  Custody of the children was granted to DFS pending further order of the Court.

27.     Admitted only that the Motion to Rescind Custody was filed, and that it included the quoted language.  The Motion, which is incorporated herein by reference, speaks for itself.  The balance of the averment is denied.

28.     Admitted that the alleged statement is included within the text of the Motion.  By way of further answer, the Motion is incorporated herein by reference thereto.

29.     Denied as alleged.  On or about December 22, 2005, Judge Chapman allowed the children to remain in the residence of the adult plaintiff under the conditions previously stipulated to by the parties, pending full consideration of the State's Motion to Rescind Custody.  The children had previously been returned to the home pursuant to the safety plan developed by DFS on November 7, 2005 and the Court's Preliminary Protective Hearing Order of November 16, 2005.  The Court Order, which speaks for itself, is incorporated herein by reference.

30.     Denied as alleged.  On November 23, 2005, DFS filed and served on the adult plaintiff a Notice of Intent to Substantiate for Abuse or Neglect and Enter on the Child Protection Registry.  On December 14, 2005, through counsel, the adult plaintiff requested a hearing.  DFS thereafter filed the affidavit of Ms. Finn dated January 2, 2006, and requested that the adult plaintiff be placed on the Child Protection Registry pending a final order on the Petition for Substantiation.  The Petition for Substantiation was filed by counsel for DFS on January 6, 2006.  By information and belief, on January 15, 2006, the Family Court denied the application for the adult plaintiff to be placed on the Registry pending a hearing.

31.     Denied as alleged.  On or about January 27, 2006, Judge Chapman granted the State's Motion to Rescind Custody and adopted the findings set forth therein.  The children had previously been returned to the home pursuant to the safety plan developed by DFS on November 7, 2005 and the Court's Preliminary Protective Hearing Order of November 16, 2005.  The Court Order, which speaks for itself, is incorporated herein by reference.

32. Admitted. By way of further answer, the adult plaintiff was investigated by the New Castle County Police.

33. Denied as alleged. The Court's Order with respect to custody did not address the issue of the Child Abuse Registry. See the response to paragraph 30 above, which is restated and incorporated herein by reference. The Court's action was reflected in the DFS file.

34. Denied as alleged. The February 16, 2006 letter speaks for itself, and is incorporated herein by reference. Further admitted that the Department of Justice advised counsel that the adult plaintiff's name had been removed from the Child Protection Registry pursuant to the adult plaintiff's request for a hearing on substantiation. Further admitted that DFS and the Department of Justice determined that substantiation would not be pursued, and so advised counsel.

35. Denied as alleged. The newspaper article speaks for itself. To the extent, if any, that the plaintiffs rely on the newspaper article as a factual allegation, or seek to incorporate it in their Complaint, it is disputed in its entirety by the answering defendant. The answering defendant is without knowledge or information as to the motivation for the article.

36. The answering defendant is without sufficient information or knowledge to respond to the averment.

37. The answering defendant is without sufficient information or knowledge to respond to the averment. To the extent that the averment alleges or implies that DFS disclosed information to Hockessin Hills, that allegation is denied.

38. The answering defendant is without sufficient information or knowledge to respond to the averment. To the extent that the averment alleges or implies that DFS disclosed information regarding the adult plaintiff to an employer at any time since September of 2006, that allegation is denied.

39. The answering defendant is without sufficient information or knowledge to respond to the averment.

40. Liability is denied. Admitted only that Ms. Finn was employed by DFS during the time period in question.

41. The answering defendant is without sufficient information or knowledge to respond to the averment.

42. The answering defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 41 above.

43-51. To the extent this allegation is directed at the answering defendant, it is denied as alleged. Admitted only that DFS, under the authority of the Family Court of the State of Delaware, assumed temporary custody of the minor children for their own protection, upon credible evidence of dependency, neglect, and abuse. The children received proper medical attention, and were placed in temporary foster care, consistent with the authority conferred by Family Court. The balance of the averment is denied. All allegations of "false imprisonment" are denied.

52. Denied that the adult plaintiff sustained any damages. To the extent, if any, that the minor plaintiffs were damaged, any such damages are attributable to the conduct of the adult plaintiff.

53. The answering defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 52 above.

54-57. These allegations are directed solely at the co-defendants, and therefore no response from the answering defendant is necessary.

58. The answering defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 57 above.

59-65. These allegations are directed solely at the co-defendants, and therefore no response from the answering defendant is necessary.

66. The answering defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 65 above.

67-72. These allegations are directed solely at the co-defendants, and therefore no response from the answering defendant is necessary.

73. The answering defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 72 above.

74. Denied as alleged. Finn and other DFS workers investigated upon finding the adult plaintiff absent and the minor children in the care of incompetent caregivers and medically at risk. DFS initiated proceedings upon a record of observations and investigation, and was awarded emergency custody on November 4, 2005 by the Family Court of the State of Delaware. At a subsequent proceeding in the Family Court on November 16, 2007, the adult plaintiff stipulated to the dependency of the children, and DFS custody continued with the acquiescence of the adult plaintiff. The balance of the averment is denied.

75. Denied.

76. Denied as alleged. The proceedings resulted in an emergency order regarding the custody of the minor children, based upon evidence of both neglect and abuse of the minor children.

77. Denied as alleged. The proceedings resulted in an emergency order regarding the custody of the minor children, based upon evidence of both dependency and neglect of the minor children. The *ex parte* determination was confirmed by the Court in a subsequent adversary proceeding, with the adult plaintiff stipulating to the dependency of the children and not opposing continued DFS custody subject to a safety plan for the care of the children. Thereafter, upon further investigation and review, and with appropriate safeguards in place to prevent a recurrence of neglect, and after several months of intervention, custody was returned to the parents. The issue of custody was resolved by the Family Court based on the best interests of the minor children.

78. Denied.

79. The answering defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 78 above.

80. Denied as alleged. Finn and other DFS workers investigated upon finding the adult plaintiff absent and the minor children in the care of incompetent caregivers and medically at risk. DFS initiated proceedings upon a record of observations and investigation, and was awarded emergency custody on November 4, 2005 by the Family Court of the State of Delaware. At a subsequent proceeding in the Family Court on November 16, 2007, the adult plaintiff stipulated to the dependency of the children, and DFS custody continued with the acquiescence of the adult plaintiff. The balance of the averment is denied.

81. Denied.

82. Denied as alleged. The proceedings resulted in an emergency order regarding the custody of the minor children, based upon evidence of both neglect and abuse of the minor children.

83. Denied as alleged. The proceedings resulted in an emergency order regarding the custody of the minor children, based upon evidence of both dependency and neglect of the minor children. The *ex parte* determination was confirmed by the Court in a subsequent adversary proceeding, with the adult plaintiff stipulating to the dependency of the children and not opposing continued DFS custody subject to a safety plan for the care of the children. Thereafter, upon further investigation and review, and with appropriate safeguards in place to prevent a recurrence of neglect, and after several months of intervention, custody was returned to the parents. The issue of custody was resolved by the Family Court based on the best interests of the minor children.

84. Denied.

85. The answering defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 84 above.

86. To the extent, if any, that this allegation is directed at DFS, it is denied.

87. Denied as alleged. See the response to paragraph 83 above, which is incorporated herein by reference. The proceedings were initiated by DFS after investigation and review, on behalf of the State of Delaware.

88. Denied.

89. Denied.

90. Denied. Proceedings in The Family Court of the State of Delaware against the adult plaintiff and in the best interests of the children were initiated by DFS based on the investigation of Ms. Finn and other workers acting on behalf of DFS and the evidence of dependency, neglect, and abuse.

91. To the extent, if any, that this allegation is directed at Finn and/or DFS, it is denied.

92. Denied as alleged. Proceedings in The Family Court of the State of Delaware against the adult plaintiff and in the best interests of the children were initiated by DFS based on the investigation of Ms. Finn and other workers acting on behalf of DFS and the evidence of dependency, neglect, and abuse.

93. Denied that the adult plaintiff sustained any damages. To the extent, if any, that the minor plaintiffs were damaged, any such damages are attributable to the conduct of the adult plaintiff.

94. The answering defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 93 above.

95. Denied as alleged. On November 23, 2005, DFS filed and served on the adult plaintiff a Notice of Intent to Substantiate for Abuse or Neglect and Enter on the Child Protective Registry. On December 14, 2005, through counsel, the adult plaintiff requested a hearing. DFS thereafter filed the affidavit of Ms. Finn dated January 2, 2006, and requested that the adult plaintiff be placed on the Child Protection Registry pending a final order on the Petition for Substantiation. The Petition for Substantiation was filed by counsel for DFS on January 6, 2006. By information and belief, on January 15, 2006, the Family Court denied the application for the adult plaintiff to be placed on the Registry

pending a hearing. When the motion was contested by the adult plaintiff, her name was ordered removed from the Registry, pending a further substantiation hearing. DFS, in consultation with the State of Delaware Department of Justice, ultimately determined not to proceed with the substantiation hearing. The balance of the allegations are denied.

96. Denied.

97. Denied.

98. Denied.

99. The answering defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 98 above.

100. Denied. The response to paragraph 95 above is restated, and incorporated herein by reference.

101. Denied.

102. Denied. The response to paragraph 95 above is restated, and incorporated herein by reference.

103. Denied.

104. Denied.

105. The answering defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 104 above.

106-107. Denied as alleged. Finn and other DFS workers investigated upon finding the adult plaintiff absent and the minor children in the care of incompetent caregivers and medically at risk. The nurses cooperated with this investigation. DFS initiated proceedings upon a record of observations and investigation, and was awarded emergency custody on November 4, 2005 by the Family Court of the State of Delaware.

At a subsequent proceeding in the Family Court on November 16, 2007, the adult plaintiff stipulated to the dependency of the children, and DFS custody continued with the acquiescence of the adult plaintiff. The balance of the averment is denied.

108. Denied that the adult plaintiff sustained any damages. To the extent, if any, that the minor plaintiffs were damaged, any such damages are attributable to the conduct of the adult plaintiff.

109. The answering defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 108 above.

110. Denied.

111. Denied that the adult plaintiff sustained any damages. To the extent, if any, that the minor plaintiffs were damaged, any such damages are attributable to the conduct of the adult plaintiff.

112. The answering defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 111 above.

113. Denied as alleged. On November 23, 2005, DFS filed and served on the adult plaintiff a Notice of Intent to Substantiate for Abuse or Neglect and Enter on the Child Protective Registry. On December 14, 2005, through counsel, the adult plaintiff requested a hearing. DFS thereafter filed the affidavit of Ms. Finn dated January 2, 2006, and requested that the adult plaintiff be placed on the Child Protection Registry pending a final order on the Petition for Substantiation. The Petition for Substantiation was filed by counsel for DFS on January 6, 2006. By information and belief, on January 15, 2006, the Family Court denied the application for the adult plaintiff to be placed on the Registry pending a hearing. When the motion was contested by the adult plaintiff, her name was

ordered removed from the Registry, pending a further substantiation hearing. DFS, in consultation with the State of Delaware Department of Justice, ultimately determined not to proceed with the substantiation hearing. The balance of the allegations are denied.

      114.    Denied. See the response to paragraph 113 above, which is restated and incorporated herein by reference.

      115.    Denied. See the response to paragraph 113 above, which is restated and incorporated herein by reference.

      116.    Denied. See the response to paragraph 113 above, which is restated and incorporated herein by reference.

      117-118.    Denied.

      119.    The answering defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 118 above.

      120.    Denied as alleged. The averment calls for a legal conclusion regarding the standard for hiring applicable to public and private employers, and the potential for liability arising from such a relationship, and thus is not subject to a response as a factual allegation.

      121.    This allegation is directed at a co-defendant, and thus no response in required from the answering defendants.

      122.    The existence of such a duty is denied. The breach of any such duty is denied. The allegation of "bad faith conduct" is denied.

      123.    This allegation is directed at a co-defendant, and thus no response in required from the answering defendants.

124. The allegation of "bad faith conduct" is denied. The allegation as to proximate cause is denied.

125. Denied that the adult plaintiff sustained any damages. To the extent, if any, that the minor plaintiffs were damaged, any such damages are attributable to the conduct of the adult plaintiff.

126. The answering defendant restates and incorporates herein by reference the responses set forth in paragraphs 1 through 125 above.

127-133. These allegations are directed solely at the co-defendants, and therefore no response from the answering defendants is necessary.

## AFFIRMATIVE DEFENSES

134. The Compliant fails to state a claim upon which relief can be granted by this Court against DFS.

135. The Complaint fails to state a claim on behalf of the minor plaintiffs against DFS.

136. The Complaint fails to allege a proper basis for the exercise by this Court of federal jurisdiction over subject matter within the sole jurisdiction of the Family Court of the State of Delaware.

137. DFS is not a person capable of being sued under 42 U.S.C. §1983.

138. DFS is not subject to vicarious liability for the acts of Finn, as a State employee, under 42 U.S.C. §1983.

139. All claims asserted against DFS and the State of Delaware are barred by the Eleventh Amendment to the United States Constitution.

140. All claims against DFS are barred by the doctrine of absolute and qualified immunity.

141. All claims against DFS are barred by the doctrine of accord and satisfaction, in that counsel for the adult plaintiff stipulated to the dependency of the children and did not contest DFS custody at the adversary hearing in November of 2005.

142. All claims against DFS are barred by the doctrine of waiver, in that counsel for the adult plaintiff stipulated to the dependency of the children and did not contest DFS custody at the adversary hearing in November of 2005, and the adult plaintiff is therefore estopped from asserting such claims.

143. The adult plaintiff is estopped from asserting all claims arising from the DFS investigation into the welfare of the children, in that she stipulated, through counsel, to DFS custody and to a finding by the Family Court of the State of Delaware of dependency.

144. All claims asserted by the plaintiffs are barred by the doctrines of collateral estoppel and *res judicata*, in that they have been previously resolved by the Family Court of the State of Delaware in a manner adverse to the plaintiff's claims.

145. Truth is an absolute defense to the claims of defamation.

WHEREFORE, DFS prays that the Complaint be dismissed, with prejudice, with all costs and fees payable by the adult plaintiff.

/s/ Ralph K. Durstein, III
Ralph K. Durstein, III (ID# 0912)
James J. Maxwell (ID#2892)
Deputy Attorneys General
Department of Justice
State of Delaware
820 N. French Street, 6th Floor
Wilmington, DE 19801

                                          (302)577-8510  
                                        Attorneys for Defendant DFS

DATED: November 6, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DIANE SMITH, individually, and as** ) <br> **guardian for A.K., S.K., and M.K.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **STATE OF DELAWARE,** ) <br> **DEPARTMENT OF FAMILIES,** ) <br> **DIVISION OF FAMILY SERVICES;** ) <br> **KATHLEEN FINN;** ) <br> **HOME HEALTH SPECIALISTS;** ) <br> **DORIS ELLIOTT; and** ) <br> **LINDA BRASBURGER,** ) <br> ) <br> **Defendants.** ) | C.A. No. 07-600 JJF |

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on November 6, 2007, he caused the attached Answer of Defendant Division of Family Services to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Richard Galperin, Esq.
James H. McMackin, Esq.
Morris James LLP
Suite 1500
500 Delaware Avenue
Wilmington, DE 19801

/s/ Ralph K. Durstein III
Ralph K. Durstein III, ID #0912
James J. Maxwell, ID #2892
Deputy Attorneys General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8510

Attorneys for Defendant Division
of Family Services