## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DIANE SMITH, individually and as    )
guardian for A.K., S.K., and M.K.,    )
                               )
           Plaintiffs,    )
                               )
    v.                    )       Civil Action No. 07-600 JJF
                               )
                               )
                               )
STATE OF DELAWARE, DEPARTMENT )
OF SERVICES FOR               )
CHILDREN, YOUTH & THEIR       )
FAMILIES, DIVISION OF FAMILY    )
SERVICES; KATHLEEN FINN,       )
individually and in her official capacity;   )
HOME HEALTH SPECIALISTS; DORIS )
ELLIOTT; and LINDA BRASBURGER, )
                               )
           Defendants.    )

## AFFIDAVIT PURSUANT TO D. DEL. LR 4.1 (b)

STATE OF DELAWARE            :
                               : SS:
COUNTY OF NEW CASTLE      :

       **BE IT REMEMBERED** that on this 14th day of November, A.D. 2007, personally came before me, the Subscriber, a Notary Public for the State and County aforesaid, James H. McMackin, III, attorney for the Plaintiffs, who being sworn according to law did depose and say as follows:

1.      That to the best of his knowledge, the Defendant Kathleen Finn is a nonresident of the State of Delaware whose name and address is as follows:

> Kathleen Finn
> 10 Guernsey Drive
> New Windsor, NY  12553

2.      That on September 28, 2007, the Complaint in the above-captioned action was filed and that on October 1, 2007, the Clerk issued a Summons to serve the Secretary of State pursuant to 10 *Del. C.* § 3104.

3.      That on October 23, 2007, the Return of Service was filed, a copy of which is attached as Exhibit A.

4.      That on October 26, 2007, the said James H. McMackin, III, Esquire, caused a copy of the Notice, attached hereto as Exhibit B, to be mailed by Registered Mail to the following defendant: Kathleen Finn.

5.      That on November 5, 2007, he, James H. McMackin, III, Esquire, received from the postal authority the domestic return receipt signed by the following:  Mary Finn.  The receipt is attached hereto as Exhibit C.

6.      That the said receipt has the same registered number, to-wit: RB 420 634 547 US, as the receipt received at the time of the mailing of said notice, attached hereto as Exhibit D.

- SIGNATURE ON NEXT PAGE –

MORRIS JAMES LLP


Richard Galperin (#390)
rgalperin@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899
(302) 888-5849
Attorneys for Plaintiffs

Dated:  November 14, 2007




SWORN TO AND SUBSCRIBED before me the day and year aforesaid:


Notary Public


**TERESA A. ATWELL**
**Notary Public - State of Delaware**
**My Comm. Expires Dec. 19, 2010**

# EXHIBIT A

# UNITED STATES DISTRICT COURT

District of   Delaware

DIANE SMITH, individually and as guardian for A.K.,
S.K., and M.K.,
        Plaintiffs,

       V.

STATE OF DELAWARE, DEPARTMENT OF SERVICES
FOR CHILDREN, YOUTH & THEIR FAMILIES,
DIVISION OF FAMILY SERVICES; et al.,
        Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  07-600

TO: (Name and address of Defendant)
KATHLEEN FINN
c/o Division of Family Services - Elwynn Location
321 E. 11th Street, 3rd Floor
Wilmington, DE  19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Richard Galperin, Esq.
James H. McMackin, III, Esq.
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
302.888.6800

an answer to the complaint which is served on you with this summons, within _____ Twenty (20) _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO          OCT 0 1 2007

| CLERK | DATE |
|---|---|
| (By) DEPUTY CLERK | |

AO 440 (Rev. 8/01)    Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the summons & complaint was made by me[1] | **10/18/2007 @ 1:08 p.m.** |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| **Michael J. Dellose** | **Special Process Server** |

*Check one box below to indicate appropriate method of service*

[X] Served personally upon the defendant by serving **Karen Charbonneau, government employee, c/o Secretary of State, Duke of York Street & Federal Lane, Dover, DE 19901**

**45, F, W, 5'6", 140 pounds, blonde hair, no glasses**

[] Left copies thereof at the defendant's house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were

[] Returned unexecuted:

[] Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United State of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    **10/19/2007**
                     Date

*Michael J. Dellose* (signature)

**Michael J. Dellose**

**O'ROURKE INVESTIGATIVE ASSOCIATES, INC.**
**1225 King Street, Suite 400**
**P. O. Box 368**
**Wilmington, DE  19899-0368**

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

**Service of Process:**

1:07-cv-00600-JJF Smith et al v. State of Delaware Department of Services for Children, Youth & Their Families; Division of Family Services et al

## U.S. District Court

## District of Delaware

## Notice of Electronic Filing

The following transaction was entered by McMackin, James on 10/23/2007 at 10:55 AM EDT and filed on 10/23/2007

| | |
|---|---|
| **Case Name:** | Smith et al v. State of Delaware Department of Services for Children, Youth & Their Families; Division of Family Services et al |
| **Case Number:** | 1:07-cv-600 |
| **Filer:** | Diane Smith |
| | A.K. |
| | S.K. |
| | M.K. |
| **Document Number:** | 10 |

**Docket Text:**
Return of Service Executed by Diane Smith, A.K., S.K., M.K.. Kathleen Finn served on 10/18/2007, answer due 11/7/2007. (McMackin, James)

**1:07-cv-600 Notice has been electronically mailed to:**

James H. McMackin , III    JMcMackin@MorrisJames.com, jmcvey@morrisjames.com

**7-cv-600 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/23/2007] [FileNumber=463531-0
] [6b4084fb96c69804ae5334a1c8edf4a9b18c9503ef4e2529a5aa906f8911861fc7f
36a5fc33b01c4f3679e19a2d4dbb3991f4c897af2ece44df22c62215c6dfb]]

# EXHIBIT B

# MorrisJames LLP

James H. McMackin, III
302.888.5849
jmcmackin@morrisjames.com

October 26, 2007

**VIA REGISTERED MAIL NO. RB 420 634 547 US**
**RETURN RECEIPT REQUESTED**

Ms. Kathleen Finn
10 Guernsey Drive
New Windsor, NY  12553

      Re:   *Diane Smith, et al., v. State of Delaware, Department of Services for*
*Children, Youth & Their Families, Division of Family Services, et al.,*
*C.A. No. 07-600*

Dear Ms. Finn:

        Please be advised that you have been served with Process (Summons) and
Complaint in Delaware pursuant to 10 <u>Del. C.</u> § 3104.  Service of the original Summons and
Complaint in the above referenced case has been made upon the Delaware Secretary of State as
agent for acceptance of legal process.  Under 10 <u>Del. C.</u> § 3104, such service is as effectual to all
intents and purposes as if it had been made upon you within Delaware.

        Enclosed please find a copy of the Summons and Return of Service and the
Complaint.  Thank you for your attention to this matter.

      Very truly yours,

James H. McMackin, III

JHM/jam
Enclosures

# UNITED STATES DISTRICT COURT

District of   Delaware

DIANE SMITH, individually and as guardian for A.K.,
S.K., and M.K.,
            Plaintiffs,

          V.

STATE OF DELAWARE, DEPARTMENT OF SERVICES
FOR CHILDREN, YOUTH & THEIR FAMILIES,
DIVISION OF FAMILY SERVICES; et al.,
           Defendants.

## SUMMONS IN A CIVIL CASE

CASE NUMBER:  07-600

TO: (Name and address of Defendant)
KATHLEEN FINN
c/o Division of Family Services - Elwynn Location
321 E. 11th Street, 3rd Floor
Wilmington, DE 19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Richard Galperin, Esq.
James H. McMackin, III, Esq.
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
302.888.6800

an answer to the complaint which is served on you with this summons, within _____Twenty (20)_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

PETER T. DALLEO             OCT 0 1 2007

CLERK                                DATE

(By) DEPUTY CLERK

2002 © American LegalNet, Inc.

AO 440  (Rev. 8/01)    Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the summons & complaint was made by me[(1)] | DATE<br>**10/18/2007 @ 1:08 p.m.** |
| NAME OF SERVER *(PRINT)*<br>**Michael J. Dellose** | TITLE<br>**Special Process Server** |

*Check one box below to indicate appropriate method of service*

[X] Served personally upon the defendant by serving **Karen Charbonneau, government employee, c/o Secretary of State, Duke of York Street & Federal Lane,Dover, DE 19901**

**45, F, W, 5'6", 140 pounds, blonde hair, no glasses**

[] Left copies thereof at the defendant's house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were

[] Returned unexecuted:

[] Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United State of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    <u>**10/19/2007**</u>
　　　　　　　　　Date

　　　　　　　　　　　　　　　　　　_Michael J. Dellose_
　　　　　　　　　　　　　　　　　　**Michael J. Dellose**

**O'ROURKE INVESTIGATIVE ASSOCIATES, INC.**
**1225 King Street, Suite 400**
**P. O. Box 368**
**Wilmington, DE  19899-0368**

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

**Service of Process:**

1:07-cv-00600-JJF Smith et al v. State of Delaware Department of Services for Children, Youth & Their Families; Division of Family Services et al

## U.S. District Court

## District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by McMackin, James on 10/23/2007 at 10:55 AM EDT and filed on 10/23/2007

| | |
|---|---|
| **Case Name:** | Smith et al v. State of Delaware Department of Services for Children, Youth & Their Families; Division of Family Services et al |
| **Case Number:** | 1:07-cv-600 |
| **Filer:** | Diane Smith |
| | A.K. |
| | S.K. |
| | M.K. |
| **Document Number:** | 10 |

**Docket Text:**
Return of Service Executed by Diane Smith, A.K., S.K., M.K.. Kathleen Finn served on 10/18/2007, answer due 11/7/2007. (McMackin, James)

**1:07-cv-600 Notice has been electronically mailed to:**

James H. McMackin , III    JMcMackin@MorrisJames.com, jmcvey@morrisjames.com

**1:07-cv-600 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/23/2007] [FileNumber=463531-0
] [6b4084fb96c69804ae5334a1c8edf4a9b18c9503ef4e2529a5aa906f8911861fc7f
36a5fc33b01c4f3679e19a2d4dbb3991f4c897af2ece44df22c62215c6dfb]]

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of _____ **DELAWARE**

|  |  |
|---|---|
| Plaintiff | NOTICE, CONSENT, AND ORDER OF REFERENCE -<br>EXERCISE OF JURISDICTION BY A UNITED STATE<br>MAGISTRATE JUDGE |
| V. |  |
| Defendant | Case Number: **07-600** |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United Stat magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury tri and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdictic from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholdir consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals f this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a Unite States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, an conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C.
§636(c) and Fed.R.Civ.P. 73.

_____                              _____
Date                                        United States District Judge

**NOTE:** RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED
<u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DIANE SMITH, individually and as guardian for A.K., S.K. and M.K. | STATE OF DELAWARE, DEPARTMENT OF SERVICES FOR CHILDREN, YOUTH & THEIR FAMILIES, DIVISION OF FAMILY SERVICES; KATHLEEN FINN, individually and in her official capacity; HOME HEALTH SPECIALISTS; DORIS ELLIOTT; and LINDA BRASBURGER |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES.)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY.)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Richard Galperin/James H. McMackin, III
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
302-888-6800

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)    AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign County | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R. R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Civil rights action under 28 U.S.C. §§ 1331 and 1343

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|
| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |

DATE     SIGNATURE OF ATTORNEY OF RECORD

September 28, 2007     _(signature)_

FOR OFFICE USE ONLY

RECEIPT# _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case 1:07-cv-00600-UNA Document 1 Filed 09/28/2007 Page 1 of 19

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DIANE SMITH, individually and as )
guardian for A.K., S.K., and M.K., )
                         )      JURY TRIAL DEMANDED
         Plaintiffs, )
                         )
     v.                   )      Civil Action No.
                         )
                         )
                         )
STATE OF DELAWARE, DEPARTMENT )
OF SERVICES FOR )
CHILDREN, YOUTH & THEIR )
FAMILIES, DIVISION OF FAMILY )
SERVICES; KATHLEEN FINN, )
individually and in her official capacity; )
HOME HEALTH SPECIALISTS; DORIS )
ELLIOTT; and LINDA BRASBURGER, )
                         )
         Defendants. )

## COMPLAINT

## INTRODUCTION

        This is a federal question action, pursuant to 28 U.S.C. §§ 1331 and 1343, for damages alleging, among other things, violations of the plaintiffs' civil rights, arising out of the defendants' malicious and willful conspiracy to interfere with plaintiff Diane Smith's ("Smith") custody of her children, and Defendant Kathleen Finn's ("Finn") willful defiance of a court order.

        1.      Smith is an individual and all times relevant to this complaint has been a resident of New Castle County, State of Delaware, residing at 2001 Floral Drive, Wilmington, DE 19810.

2.      Plaintiff A.K. ("A.K.") is an individual and all times relevant to this complaint has been a resident of New Castle County, State of Delaware, residing at 2001 Floral Drive, Wilmington, DE 19810.

3.      Plaintiff S.K. ("S.K.") is an individual and all times relevant to this complaint has been a resident of New Castle County, State of Delaware, residing at 2001 Floral Drive, Wilmington, DE 19810.

4.      Plaintiff M.K. ("M.K.") is an individual and all times relevant to this complaint has been a resident of New Castle County, State of Delaware, residing at 2001 Floral Drive, Wilmington, DE 19810.

5.      Defendant State of Delaware, Department of Services for Children, Youth & Their Families, Division of Family Services ("DFS") is a state agency of the State of Delaware created by state law.  Defendant DFS may be served by serving its principal place of business at 1825 Faulkland Road, Wilmington, DE 19805.  DFS conducts business in the State of Delaware relevant to this dispute.

6.      Defendant Kathleen Finn ("Finn") was at all times relevant to this complaint a Family Service Specialist employed by DFS.  Finn conducted business in the State of Delaware relevant to this dispute.

7.      Defendant Home Health Specialists ("Home Health Specialists") is a home nursing care agency.  Home Health Specialists may be served at their principal business address of 306 East Baltimore Avenue, Media, PA 19063.  Home Health Specialists conducted business in the State of Delaware relevant to this dispute.

2

8.      Defendant Doris Elliott ("Elliott") was or is an employee of Home Health Specialists.   Elliott may be served at 339 E. Woodlyn Circle, Ridley Township, PA 19094. Elliott conducted business in the State of Delaware relevant to this dispute.

9.      Defendant Linda Brasburger ("Brasburger" and collectively with Elliott, the "Nurses".   The Nurses, collectively with Finn and DFS, are referred to as the "Defendants") was or is an employee of Home Health Specialists.   She may be served at 1504 N. Harrison St., Wilmington, DE 19809.   Brasburger conducted business in the State of Delaware relevant to this dispute.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 in that it involves a federal question and a federal statute.   This Court has supplemental jurisdiction to hear matters arising under State law pursuant to 28 U.S.C. § 1367.

11.     Venue in this district is proper pursuant to 28 U.S.C. § 1391 where a substantial part of the events or omissions giving rise to the claim occurred.

## ALLEGATIONS COMMON TO ALL COUNTS

12.     Smith is a registered nurse licensed in the State of Delaware for in excess of 10 years.   At the time of the incidents giving rise to this complaint, Smith was employed as the staff developer at Hockessin Hills where she had worked since August of 2005.

13.     Plaintiffs A.K., S.K., and M.K. (collectively the "Children") are the natural born children of Smith.   At all times relevant to this complaint, Smith shared legal custody over the Children with her ex-husband.

3

14.    The Nurses rendered services as home health care nursing providers in Smith's home beginning February, 2001. The Nurses' services were paid for by Smith's insurance company and Medicare. Initially, the Nurses, Smith and the Children were like family.

15.    In the weeks leading up to November, 2005, Smith and the Nurses began disagreeing on what was best for the Children. The Nurses became unusually and in a concerning manner attached to the Children. The Nurses over-stepped their bounds, rearranged the home and exercised free reign over the home. The Nurses attempted to take over the parenting and raising of the Children. This caused significant disagreement between Smith and the Nurses. Elliott struck M.K. on at least one occasion. The Children were terrified of Elliott and would cry when they knew she would be caring for them. Elliott referred to herself as "Mom" to the kids. This behavior was witnessed and reported to Home Health Specialists by Mia Heutt, a nurse, but Home Health Specialists never investigated the report and never notified Smith of the report.

16.    On November 4, 2005, Smith made arrangements to go away for one night, to Wayne, PA, one-half hour away from home.

17.    Prior to leaving for the night of November 4, 2005, Smith made arrangements with family to care for the Children during her absence. At all times during Smith's planned absence, when the Nurses were not going to be providing care for the Children, Smith's family members planned to watch the Children. Such persons were trained by A.I. DuPont hospital or Smith and the Nurses with respect to the administration of lifesaving procedures in the event one of the Children was in distress.

18.    On numerous occasions other than November 4, 2005, the Children were supervised by non-medical staff. Among other persons, Leslie Smith, Stacey Galperin and

members of Smith's and her ex-husband's family watched the Children, with the Nurses' awareness, without the Nurses' objection, and at the Nurses' convenience.

19.     During the afternoon of November 4, 2005, during a period of time in which Brasburger was supposed to have been providing services and watching the Children, the Nurses called DFS and stated the Children were left home and in danger.  They also stated, despite knowledge to the contrary, there was not going to be appropriate supervision of the Children through the remainder of Smith's planned absence.  The Nurses informed DFS that Smith was not feeding the Children, was beating the Children, neglected the Children, and was not providing medical care to the Children.  The Nurses knew or should have known such statements were false.  On information and belief, the Nurses, in bad faith and/or in reckless disregard for the truth, intentionally fabricated these statements in order to take the Children from Smith and/or to harm Smith or the Children.

20.     The staff of A.I. DuPont Hospital determined the Children were not malnourished or otherwise in distress.

21.     Smith immediately returned home upon being notified DFS was called.

22.     Finn and the Nurses collaborated and/or conspired with the purpose of removing Smith's custody of the Children and/or to harm Smith or the Children.  The Nurses were jealous of Smith.  Each stated she wanted additional children.  S.K.'s surgery was scheduled for early 2006.  The Nurses knew when S.K.'s surgery was complete they would lose their assignment in the Smith household.

23.     In November 2005, Finn, collaborating with the Nurses, filed an emergency *ex parte* motion in the Family Court for temporary custody of the Children to be granted to DFS.  It alleged the Children were left with an unsuitable caretaker, Smith hit them

5

with objects, two of the Children have special medical needs and M.K. has behavioral issues. It alleges the Nurses determined the caretakers for the weekend had no medical training. It also alleges the caretaker had a DUI conviction, and the mother would not return until Saturday night. The emergency *ex parte* custody motion was filed based upon false information provided by the Nurses.

24.    Prior to Smith's departure for the weekend, the nurses knew for weeks in advance who would be providing care to the Children. However, only after Smith left did the Nurses call DFS.

25.    The Nurses' statements to DFS were misleading because, among other things, the uncle who was to watch the Children was not the only family member responsible for watching the Children during Smith's absence. Leslie Smith, Smith's former father-in-law, planned to care for the Children during Smith's absence. Each was trained by A.I. DuPont or Smith and the Nurses.

26.    A hearing on the Petition for Custody was held on November 16, 2005 before Judge William Chapman. Temporary custody of the Children was granted to DFS with Smith granted visitation. The hearing was held *ex parte*.

27.    On December 13, 2005, the State of Delaware Department of Justice moved the Court to rescind DFS' custody, and return custody back to Smith and her ex-husband with residential placement with Smith. The Motion to Rescind Custody states, among other things, that Smith "is well versed in the medical care required by the Children, and the Children will be better off in a familiar environment."

28.    The Motion to Rescind Custody also states that "since the date [A.K., S.K., and M.K.] returned home to their mother, no problems have existed."

6

29.     On December 22, 2005, Judge William Chapman granted a preliminary protective hearing order providing that the Children were to be placed in the home of Smith and Smith's mother.  It also found that continuing the Children's residence in Smith's is not contrary to their best welfare.

30.     On January 2, 2006, Finn filed an affidavit and moved the Family Court to place Smith on the Child Protection Registry (the "Registry") at Child Protection Level III pending a final order on a Petition for Substantiation.  On January 15, 2006, the Family Court reviewed and denied Finn's request to place Smith on the Registry.

31.     On January 27, 2006, Judge Chapman rescinded full custody of the Children to their parents, with primary residential placement with Smith.

32.     Smith was not arrested for her alleged child abuse.

33.     Irrespective of Judge Chapman's order to the contrary, Finn undertook efforts to have Smith placed, and Smith was placed, on the Registry.

34.     On February 16, 2006, attorney Richard Galperin wrote to James R. Adams, Esquire of the Department of Justice seeking to have Smith removed from the Registry.  On July 28, 2006, attorney Rich Galperin then contacted Deputy Attorney General Anthony V. Longo with respect to the removal of Smith's name from the Registry.  On July 28, 2006, Deputy Attorney General Anthony Long informed attorney Rich Galperin Smith's name was removed from the Registry pending a substantiation hearing.  On August 14, 2006, Deputy Attorney General Anthony Longo informed Rich Galperin after confirming with DFS, DFS would not pursue substantiation against Smith.  Therefore, Smith was told her name was not going to be placed back on the Registry.

7

35.    On Tuesday, February 14, 2006, the News Journal wrote an article highlighting Smith's exemplary efforts to care for the Children.  The article was set up by Smith's former employer as an accolade.

36.    After S.K.'s surgery in February, 2006, Smith and the Children stayed with S.K. in Cincinnati, Ohio until April 8, 2006.  In or around August, S.K. recovered sufficiently such that Smith could return to work.

37.    Smith was offered her old job back in September or October 2006 at Hockessin Hills.  Her job offer subsequently revoked upon Hockessin Hills becoming aware Smith had been at one time placed on the Registry.

38.    Smith has since applied for other comparable jobs and was turned down because her name was at one time on the Registry.

39.    Smith lost significant pay, benefits and opportunities as a result of being placed on the Registry.

40.    DFS is liable for the acts of Finn on the basis of respondeant superior.  At all times Finn acted as the agent, servant or employee of DFS and as such DFS is vicariously liable for her action.

41.    Home Health Specialists is responsible for the actions of the Nurses on the basis of respondeant superior.  At all times the Nurses acted as the agent, servant or employee of Home Health Specialists, and as such Home Health Specialists is vicariously liable for their actions.

## COUNT I

### FALSE IMPRISONMENT – AGAINST ALL DEFENDANTS

42.     Plaintiffs repeat and re-allege paragraphs 1 through 41 as if fully set forth herein.

43.     The Defendants willfully and intentionally confined the Children within fixed boundaries.  The Children were contained within physical barriers and unfree to leave.

44.     The Defendants willfully and intentionally caused the Children to be confined within fixed boundaries.  The children became hysterical.

45.     The Children were conscious and aware of the fact they were confined.

46.     The Children were harmed by their confinement and suffered physical manifestations.

47.     The Children submitted to the threat of physical force or duress.

48.     The Defendants acted with malice.

49.     The Defendants intended to affect the Children and/or Smith.

50.     Each Defendant instigated and/or participated in the confinement.

51.     Each of the Defendants knew or should have known the allegations of child abuse were falsified.  Each of the Defendants acted in the reckless disregard, and in bad faith, in separating the Children and Smith, and removing the Children from Smith's custody.

52.     The Children and Smith were damaged by the false imprisonment in an amount to be proven at trial.

## COUNT II

### NEGLIGENCE (AGAINST THE NURSES AND HOME HEALTH SPECIALISTS)

53.     The plaintiffs repeat and re-allege paragraph 1 through 52 as if fully set forth herein.

54.     The Nurses have a duty to provide accurate and truthful information to DFS.

55.     The Nurses breached this duty by providing inaccurate information to DFS.

56.     The inaccurate information provided by the Nurses to DFS was the proximate cause of the Children being taken from Smith for an extended period of time.

57.     The Children and Smith were damaged as a result of the Nurses' negligence in an amount to be proven at trial.

## COUNT III

### DEFAMATION (AGAINST THE NURSES AND HOME HEALTH SPECIALISTS)

58.     The plaintiffs repeat and re-allege paragraphs 1 through 57 as if set forth fully herein.

59.     The Nurses made false and defamatory statements to DFS, including statements that Smith abused the Children.

60.     The false and defamatory statements were told by the Nurses to representatives of DFS.

61.     The Nurses knew or should have known the statements made to DFS and/or its representatives were false.

10

62. Smith's reputation has been harmed as a result of the false and defamatory statements made by the Nurses.

63. The statements made by the Nurses were not only false, but they also imputed a criminal offense.

64. In addition to the harm to Smith's reputation, Smith is unable to find work comparable to that which she had enjoyed prior to November, 2005. Smith was a well known member of the nursing and non-profit community. The nursing community in Delaware is a tight-knit community and many members of the community became aware of the allegations levied against Smith.

65. The harmful, false, and defamatory statements made by the Nurses, proximately caused Smith to suffer damages in an amount to be proven at trial.

### COUNT IV

### MALICIOUS PROSECUTION (AGAINST THE NURSES AND HOME HEALTH SPECIALISTS)

66. The plaintiffs repeat and re-allege paragraphs 1 through 65 as if set forth fully herein.

67. There was no probable cause to believe Smith abused her children.

68. The Nurses procured the initiation of abuse proceedings against Smith and sought the initiation of proceedings for an improper purpose.

69. The abuse proceedings were not substantiated.

70. The abuse proceedings were terminated in favor of Smith.

71. The Nurses acted in bad faith when contacting DFS concerning the alleged abuse.

72. The plaintiffs were damaged in an amount to be proven at trial.

11

## COUNT V

### MALICIOUS PROSECUTION (AGAINST FINN AND DFS)

73.     The plaintiffs repeat and re-allege paragraphs 1 through 72 as if set forth fully herein.

74.     Finn initiated proceedings against Smith. Finn could not reasonably have believed there were facts to support the allegations of child abuse. Lacking probable cause, Finn initiated proceedings against Smith.

75.     The proceedings were not initiated for a proper purpose.

76.     The proceedings did not result in a substantiation of child abuse.

77.     The proceedings were terminated in favor of Smith.

78.     Smith was damaged in an amount to be proven at trial.

## COUNT VI

### WRONGFUL USE OF CIVIL PROCEEDINGS (AGAINST FINN AND DFS)

79.     The plaintiffs repeat and re-allege paragraphs 1 through 78 as if set forth fully herein.

80.     Finn initiated proceedings against Smith. Finn could not reasonably have believed there were facts to support the allegation of child abuse. Lacking probable cause, Finn initiated proceedings against Smith.

81.     The proceedings were not initiated for a proper purpose.

82.     The proceedings did not result in a substantiation of child abuse.

83.     The proceedings were terminated in favor of Smith.

84.     Smith was damaged in an amount to be proven at trial.

12

## COUNT VII

### VIOLATION OF 42 U.S.C. § 1983 – DEPRIVATION OF CIVIL RIGHTS FOR TAKING THE CHILDREN/VIOLATING PRIVACY (AGAINST ALL DEFENDANTS)

85.     The plaintiffs repeat and re-allege paragraphs 1 through 84 as if set forth fully herein.

86.     The Nurses knowingly and voluntarily used Finn and DFS to take the Children from Smith and/or to harm Smith or the Children.

87.     Finn acted under color of state law when she initiated proceedings against Smith.

88.     The Defendants acted in bad faith when initiating proceedings, or causing proceedings to be initiated, against Smith.

89.     The Defendants' interfered with Smith's right to work, right to raise her children, right to privacy, and right of family association, and abused authority.

90.     Finn acted in bad faith by initiating abuse proceedings against Smith when she knew or should have known the allegations were false.  Finn abused her authority by knowingly acting without probable cause in initiating abuse proceedings against Smith.

91.     The Nurses willfully participated in joint action with Finn and/or DFS and willfully collaborated and/or jointly engaged with Finn and/or representatives of DFS to deprive Smith of the civil rights identified herein.

92.     Finn purported to act in her official capacity when she wrongfully initiated abuse proceedings against Smith.

93.     The plaintiffs were damaged in an amount to be proven at trial.

## COUNT VIII

### VIOLATION OF SMITH'S CIVIL RIGHTS
### FOR ADDING HER NAME TO THE REGISTRY (AGAINST FINN AND DFS)

94.     The plaintiffs repeat and re-allege paragraphs 1 through 93 as if set forth fully herein.

95.     The petition to add Smith's name to the Registry was reviewed and denied. Irrespective of the fact the petition to add Smith's name to the Registry was denied, Finn caused Smith's name to be added to the Registry. This intentional abuse of authority by Finn shocks the conscience and deprived Smith of numerous potential interests, as set forth herein.

96.     As a result of her name being added to the Registry, Smith has suffered harm to her reputation and an inability to find and secure gainful employment, and other damages.

97.     Smith has suffered damages to interests protected by law.

98.     Smith has suffered damages in an amount to be proven at trial.

## COUNT IX

### DEFAMATION/LIBEL FOR PUTTING SMITH'S
### NAME ON THE REGISTRY (AGAINST FINN AND DFS)

99.     The plaintiffs repeat and re-allege paragraphs 1 through 98 as if set forth fully herein.

100.    Finn knew or should have known Smith did not engage in child abuse after the petition to put Smith's name on the Registry was denied.

101.    Smith did not abuse her children.

102.    Finn acted in bad faith by putting Smith's name on the Registry.

14

103.     Smith has suffered damages to her reputation, and other harm as a result of her name being put on the Registry.

104.     Smith has been damaged in an amount to be proven at trial by her name being inappropriately placed on the Registry.

## COUNT X

### INTERFERENCE WITH CUSTODY (AGAINST ALL DEFENDANTS)

105.     The plaintiffs repeat and re-allege paragraphs 1 through 104 as if set forth fully herein.

106.     The Nurses knew or should have known the statements of child abuse alleged against Smith were false.  The Nurses, collaborating with Finn, attempted to, and did, interfere with Smith's custody of her children, as a result of the Children being placed in the custody of DFS.

107.     The Children were placed in the care of DFS as a result of statements which were false, and the Defendants knew or should have known the statements were false.

108.     The plaintiffs were damaged in an amount to be proven at trial.

## COUNT XI

### CIVIL CONSPIRACY (AGAINST ALL DEFENDANTS)

109.     The plaintiffs repeat and re-allege paragraphs 1 through 108 as if set forth fully herein.

110.     The Nurses and Finn knowingly and actually confederated, cooperated, knowingly participated, and conspired to violate the plaintiffs' civil rights, interfere with Smith's custody of her children, damage Smith's reputation, falsely imprison the Children, invade the

plaintiffs' privacy, and maliciously prosecute Smith due to their bad faith and willful misconduct.

111.    The plaintiffs were damaged in an amount to be proven at trial.

## COUNT XII

### SUBSTANTIVE DUE PROCESS
### (AGAINST FINN AND DFS)

112.    The plaintiffs repeat and re-allege paragraphs 1 through 111 as if set forth fully herein.

113.    The Family Court denied the petition to place Smith on the Registry.

114.    Finn caused Smith's name to he placed on the Registry irrespective of the Court's order to the contrary.

115.    Finn knowingly and willfully acted in bad faith by placing Smith's name on the Registry.

116.    It shocks the conscience that Finn placed Smith's name on the Registry irrespective of the Court's order.

117.    Smith has suffered reputational, financial, and other harm as a result of her name being placed inappropriately on the Registry.

118.    Smith has been damaged in an amount to be proven at trial.

## COUNT XIII

### NEGLIGENT HIRING
### (AGAINST HOME HEALTH SPECIALISTS AND DFS)

119.    The plaintiffs repeat and re-allege paragraphs 1 through 118 as if set forth fully herein.

120. Home Health Specialists and DFS had and have a duty to use reasonable care when hiring employees.

121. Home Health Specialists breached its duty of reasonable care when hiring the Nurses as demonstrated by the Nurses' bad faith conduct towards the plaintiffs.

122. DFS breached its duty of reasonable care when hiring as demonstrated by Finn's bad faith conduct towards the plaintiffs.

123. Home Health Specialists' hiring of the Nurses was the proximate cause of the plaintiffs being exposed to the Nurses' bad faith conduct.

124. DFS' hiring of Finn was the proximate cause of the plaintiffs being exposed to Finn's bad faith conduct.

125. The plaintiffs were damaged in an amount to be proven at trial.

## COUNT XIV

### NEGLIGENCE
### (AGAINST HOME HEALTH SPECIALISTS)

126. The plaintiffs repeat and re-allege paragraphs 1 through 125 as if set forth fully herein.

127. Home Health Specialists was informed by Mia Heutt that Elliott struck M.K. on at least one occasion. Home Health Specialists never investigated the report and never notified Smith of the report.

128. Home Health Specialists had a duty to investigate the report and notify Smith of the report.

129. Home Health Specialists breached this duty by not investigating the report or notifying Smith of the report.

17

130. If Smith was aware Elliot struck one of the children, she would not have permitted Elliott to be in her home.

131. Home Health Specialists' failure to investigate the report or notify Smith of the report was the proximate cause of the Nurses being able to continue serving in Smith's home such that they had access to the Children and were able to contact DFS and set in motion the course of events described herein.

132. The plaintiffs were damaged in an amount to be proven at trial.

WHEREFORE, the plaintiffs demand judgment against the Defendants as follows:

A. For past present and future lost wages and contributions, including but not limited to wages and benefits;

B. For loss of all medical, long term disability, life insurance, visual and dental benefits;

C. For compensation for emotional and psychological damage;

D. For punitive damages;

E. For an award of costs;

F. For an award of pre-judgment and post-judgment interest

G. For attorneys' fees; and

H. For any other relief the Court deems just and appropriate.

- SIGNATURE ON NEXT PAGE –

MORRIS JAMES LLP


_____

Richard Galperin (#390)
rgalperin@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899
(302) 888-5849
Attorneys for Plaintiffs

Dated:  September 28, 2007

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____2_____ COPIES OF AO FORM 85.

_9/28/07_____
(Date forms issued)

_Mike Bobish_____
(Signature of Party or their Representative)

_Mike Bobish_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

# EXHIBIT C

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Kathleen Finn
10 Guernsey Dr.
New Windsor, NY
12553

2. Article Number
   (Transfer from service label)     R B 420-634-547 US

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Mary Jan                ☐ Agent
                           ☐ Addressee

B. Received by ( *Printed Name* )     C. Date of Delivery
                                      10/3(

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☒ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)     ☐ Yes

# EXHIBIT D

Registered No. RB 420 834 547 US

| | | | |
|---|---|---|---|
| Reg. Fee | $ $9.50 | Special Delivery | $ |
| Handling Charge | $ $0.00 | Return Receipt | $ $2.15 |
| Postage | $ $1.65 | Restricted Delivery | $ $0.00 |
| Received by | | | |

**To Be Completed By Post Office**

**Date Stamp**

(WILMINGTON, DE postmark) 05 26 10/26/07 19801

Domestic Insurance Is Limited To $25,000; International Indemnity Is Limited (See Reverse)

Customer Must Declare Full Value $ $0.00

☐ With Postal Insurance
☐ Without Postal Insurance

**To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed**

FROM  James H. McMackin III
P.O. Box 2306
Wilmington DE 19899

TO  Kathleen Finn
10 Guernsey Dr.
New Windsor, NY 12553

PS Form **3806,**
February 1995

**Receipt for Registered Mail**

(Customer Copy)
(See Information on Reverse)