IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANE SMITH, individually and as Guardian for A.K., S.K., and M.K., | : : : | |
| Plaintiffs, | : : | Civil Action No. 07-600 |
| v. | : : | TRIAL BY JURY DEMANDED |
| STATE OF DELAWARE, DEPARTMENT OF SERVICES FOR CHILDREN, YOUTH & THEIR FAMILIES, KATHLEEN FINN, individually and in her official capacity; HOME HEALTH SPECIALISTS; DORIS ELLIOTT; AND LINDA BRASBURGER, | : : : : : : : : : | |
| Defendants. | : | |

## **ANSWER**

Answering Defendants Home Health Specialist, Dora Elliott (incorrectly named "Doris" in the Complaint) and Linda Brasberger, (incorrectly named "Brasburger" in the Complaint) by and through their attorneys, Marks, O'Neill, O'Brien & Courtney, P.C., submit their answer to the complaint in the above-referenced action.

1. Admitted by information and belief.

2. Admitted by information and belief.

3. Admitted by information and belief.

4. Admitted by information and belief.

5. No answer required from answering defendant.

6. No answer required from answering defendant.

7. Admitted. By way of further answer, the principal place of business for Home Health Specialists is 349 West State St., Media, PA 19063.

8.  Admitted. By way of further answer, Ms. Elliott's correct name is "Dora Elliott."

9.  Admitted. By way of further answer, Ms. Brasberger's correct name is "Linda Brasberger."

10. To the extent the allegations of this paragraph constitute conclusions of law, no response is required and none is made. To the extent a response is required, denied, the complaint fails to state a federal claim, the matters are within the exclusive jurisdiction of the Family Court of the State of Delaware.

11. To the extent the allegations of this paragraph constitute conclusions of law, no response is required and none is made. Without waiving the foregoing, admitted subject to the objection as to federal jurisdiction set forth in paragraph 10 above.

12. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

13. Admitted that A.K., S.K., and M.K. are the natural born children of Plaintiff Smith. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the remainder of this averment.

14. Admitted that the Answering Defendants Elliott and Brasberger began rendering nursing services in Plaintiff Smith's home in 2001. Admitted that some of the nursing services were paid for by Smith's insurance company and Medicaid. The remainder of the allegations are denied.

15. Admitted that the nurses provided home health care for the children. The remainder of the allegations constitute multiple allegations that are voluminous, arcane, convoluted, and oppressive to which Answering Defendants are incapable of responding, and therefore are denied.

16. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of the remainder of this averment.

17. Denied as alleged. The adult Plaintiff failed to make proper arrangements for the medical care of the children. The children were left in the care of a juvenile with a history of delinquency and psychiatric issues, and an adult with a criminal record and a history of substance abuse. The adult Plaintiff failed to make arrangements for the nurses to be present. The balance of the averment is denied.

18. Denied as alleged. Admitted only that the adult Plaintiff failed to make arrangements for the care of the minor children by medical professionals capable of rendering emergency care. By information and belief, the adult Plaintiff left the children in the care of unqualified non-medical persons. Answering Defendants are without knowledge as to the Co-Defendants' actions with regard to allowing the minor children to be supervised by non-medical caregivers on other occasions.

19. Denied as alleged. By information and belief, DFS received evidence that the minor children had been left in the home by the adult Plaintiff without appropriate medical care, and had received evidence of other instances of neglect and of abuse of the children by the adult Plaintiff. By way of further answer, the nurses had no contact with Finn or DFS prior to the evening of November 4, 2005, when DFS and the New Castle County police arrived at the Smith residence and required Linda Brasberger to answer questions. The remainder of the allegations constitute multiple allegations that are voluminous, arcane, convoluted, and oppressive to which Answering Defendants are incapable of responding and therefore are denied.

20. Admitted. By way of further Answer, the children remained at the hospital on a "social

admission" until adequate arrangements could be made for the medical care and supervision.

21. Answering Defendants are without sufficient information or knowledge to form of belief as to the truth of these averment.

22. Denied. Admitted only that the nurses knew that when S.K.'s surgery was complete their assignment in the Smith household would end.

23. Denied. By way of further answer, the nurses had no contact with Finn or DFS prior to the evening of November 4, 2005, when DFS and the New Castle County police arrived at the Smith residence and required Linda Brasberger to answer questions.

24. Denied. It is specifically denied that either of the Nurses called DFS. Admitted only that Linda Brasberger had a discussion with the adult Plaintiff in the driveway of the residence on November 4, 2005, when she was first notified who would be relieving her from caring for the children that evening, and that Smith was leaving for the evening. It is further admitted that DFS came to the residence on November 4, 2005, concerning the welfare of the children during a time period when the adult Plaintiff was absent from the home, and failed to return.

25. Denied. By way of further answer, Linda Brasberger's statements to the police and DFS at the residence on November 4, 2005, were truthful and make in good faith. The children were to be left by the adult Plaintiffs with a juvenile half-brother and an uncle, neither of whom where suitable caregivers. The former father-in-law of the adult Plaintiff was not present at the residence with the children when the DFS social workers arrived. Answering Defendants are without knowledge as to any other arrangements the adult Plaintiff now claims to have made for the care of the children during her absence.

26. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

27. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

28. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

29. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

30. Answering Defendants are without sufficient information or knowledge the for of belief as to the truth of this averment.

31. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

32. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

33. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

34. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

35. Denied as alleged. The newspaper article speaks for itself. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averments regarding the motivation for the article.

36. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

37. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

38. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

39. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

40. No answer required from Answering Defendants.

41. Liability is denied. To the extent the allegations of this paragraph constitute conclusions of law, no response is required and none is made. Admitted only that Answering Defendants Elliott and Brasberger were employed by Home Health Specialists during the time period in question.

42. Answering Defendants restates and incorporates herein by reference the responses set forth in paragraphs 1 - 41 above.

43 - 51. To the extent the allegations are directed to Answering Defendants, they are denied. All allegations of "false imprisonment" are denied.

52. Denied that the adult Plaintiff sustained any damages. To the extent, if any, that the minor Plaintiffs were damaged, any such damages are attributable to the conduct of the adult Plaintiff.

53. Answering Defendants restates and incorporates herein by reference the responses set forth in paragraphs 1 - 52 above.

54. Admitted.

55. Denied.

56. Denied.

57. Denied that the adult Plaintiff sustained any damages. To the extent, if any, that the minor Plaintiffs were damaged, any such damages are attributable to the conduct of the adult Plaintiff.

58. Answering Defendants restates and incorporates herein by reference the responses set forth in paragraphs 1 - 57 above.

59. Denied.

60. Denied that Answering Defendants made any false and/or defamatory statements to representatives of DFS. By way of further answer, Linda Brasberger's statements to the police and DFS at the residence on November 4, 2005, were truthful and made in good faith.

61. Denied.

62. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment. It is specifically denied that Answering Defendants made any false and/or defamatory statements.

63. Denied  It is specifically denied that Answering Defendants made any false statements.

64. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment.

65. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment. It is specifically denied that Answering Defendants made any harmful, false and/or defamatory statements.

66. Answering Defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 - 65 above.

67. To the extent the allegations of this paragraph constitute conclusions of law, no response

is required and none is made.

68. Denied.

69. Denied.

70. Denied as stated. Answering Defendants incorporate by reference their response to paragraph 26 above, and the orders of the Family Court speak for themselves.

71. Denied.

72. Denied.

73. Answering Defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 - 72 above.

74 - 78. No answer required by Answering Defendants.

79. Answering Defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 - 78 above.

80. - 84. No answer required by Answering Defendants.

85. Answering Defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 - 84 above.

86. Denied.

87. No answer required by Answering Defendants.

88. Denied.

89. Denied.

90. No answer required by Answering Defendants.

91. Denied.

92. No answer required by Answering Defendants.

93. Denied.

94. Answering Defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 - 93 above.

95. - 98.   No answer required by Answering Defendants.

99. Answering Defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 - 98 above.

100. - 104.   No answer required by Answering Defendants.

105. Answering Defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 - 104 above.

106. Denied.  It is specifically denied that Answering Defendants made any false statements.

107. Denied.  It is specifically denied that Answering Defendants made any false statements.

108. Denied.

109. Answering Defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 - 108 above.

110. Denied.

111. Denied.

112. Answering Defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 - 111 above.

113. - 118.   No answer required by Answering Defendants.

119. Answering Defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 - 118 above.

120. To the extent the allegations of this paragraph constitute conclusions of law, no response is required and none is made.  To the extent a response is required, Answering Defendant Home Health Specialist admits to using reasonable care when hiring its employees.  To

the extent this averments makes allegations regarding co-defendants no answer required by Answering Defendants.

121. Denied. The breach of any such duty and the allegation of 'bad faith conduct" is specifically denied.

122. No answer required by Answering Defendants.

123. Denied.

124. Denied.

125. Denied.

126. Answering Defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 - 125 above.

127. Denied.

128. Denied. To the extent the allegations of this paragraph constitute conclusions of law, no response is required and none is made.

129. Denied. The breach of any such duty is specifically denied. To the extent the allegations of this paragraph constitute conclusions of law, no response is required and none is made.

130. Answering Defendants are without sufficient information or knowledge to form a belief as to the truth of this averment. It is specifically denied that Answering Defendant Elliott struck one of the children.

131. Denied.

132. Denied. Answering Defendants deny entitlement to relief as requested in Plaintiffs' "WHEREFORE" paragraph following paragraph 132 of the Complaint in its entirety.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

133.   The Complaint fails to state a claim upon which relief can be granted by this Court against Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

134.   The Complaint failed to state a claim on behalf of the minor Plaintiffs against the Answering Defendants.

## THIRD AFFIRMATIVE DEFENSE

135.   The Complaint fails to allege a proper basis for the exercise by this Court of federal jurisdiction over subject matter within the sole jurisdiction of the Family Court of the State of Delaware.

## FOURTH AFFIRMATIVE DEFENSE

136.   Answering Defendants are not persons capable of being sued under 42 U.S.C. § 1983.

## FIFTH AFFIRMATIVE DEFENSE

137.   Jurisdiction of this court over all the claims is barred by the Rooker-Feldman doctrine.

## SIXTH AFFIRMATIVE DEFENSE

138.   Jurisdiction of this court over all claims is barred by the Younger abstention doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

139.   All claims asserted against the Answering Defendants are barred by the 11th Amendment of the U.S. Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

140.   All claims against Answering Defendants are barred by the doctrine of accord and satisfaction, and the counsel for the adult Plaintiffs stipulated to the dependency of the children and did not contest DFS custody at the adversary hearing in November of 2005.

## NINTH AFFIRMATIVE DEFENSE

141. All claims against Answering Defendants are barred by the doctrine of waiver, and that counsel for the adult Plaintiffs stipulated to the dependency of the children did not contest DFS custody at the adversary hearing in November 2005, and the adult Plaintiff is therefore estopped from asserting such claims.

## TENTH AFFIRMATIVE DEFENSE

142. The adult plaintiff is estopped from asserting all claims arising from the DFS investigation into the welfare of the children and that she stipulated through counsel to DFS custody into a finding by the Family Court of the State of Delaware of dependency.

## ELEVENTH AFFIRMATIVE DEFENSE

143. All claims asserted by the Plaintiff are barred by the doctrines of collateral estoppel and *res judicata*, and that they have been previously resolved by the Family Court of the State of Delaware in the manner adverse to the Plaintiffs claims.

## TWELFTH AFFIRMATIVE DEFENSE

144. Truth is an absolute defense to the claims of defamation.

## THIRTEENTH AFFIRMATIVE DEFENSE

145. Adult Plaintiff failed to mitigate her damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

146. The Complaint fails to allege with specificity any conduct on the part on Answering Defendants which constitute negligence or fraud as required by Rule 9, and all claims and/or damages based upon allegations of negligence or fraud must be stricken or dismissed.

## FIFTEENTH AFFIRMATIVE DEFENSE

147. All claims in the Complaint alleging conspiracy are pled with insufficient specificity, and all such claims and/or damages based on allegations of conspiracy must be stricken or dismissed.

## SIXTEENTH AFFIRMATIVE DEFENSE

148. The Complaint fails to specify any willful or wanton conduct on the part of Answering Defendants, and therefore, all claims for the recovery of punitive damages must be stricken.

## SEVENTEENTH AFFIRMATIVE DEFENSE

149. The Plaintiffs' claims for punitive damages are barred by the Due Process clause of the Fourteenth Amendment to the U.S. Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

150. The Plaintiffs' claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment to the U.S. Constitution as applied to the States through the Fourteenth Amendment.

## NINETEENTH AFFIRMATIVE DEFENSE

151. The Plaintiffs' claims for punitive damages are barred by the Eighth Amendment and the Fourteenth Amendment to the U.S. Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

152. Answering Defendants Home Health Specialist is not subject to the vicarious liability for the acts of Answering Defendants Elliot and/or Brasberger, under 42 U.S.C. § 1983.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

153. All claims against Answering Defendants are barred by the immunity from liability

provided under 16 Del. C. § 908.

WHEREFORE, Answering Defendants Home Health Specialists, Elliott, and Brasberger, pray that the Complaint be dismissed, with prejudice, and with all costs and fee payable by the adult Plaintiff.

/s/ Jeffrey S. Marlin
Jeffrey S. Marlin (ID No. 176)
Donald R. Kinsley, Esquire (ID No. 3006)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 N. Market Street, #800
Wilmington, DE  19801
(302) 658-6538

DATED:  January 23, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIANE SMITH, individually and as Guardian for A.K., S.K., and M.K., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF DELAWARE, DEPARTMENT OF SERVICES FOR CHILDREN, YOUTH & THEIR FAMILIES, KATHLEEN FINN, individually and in her official capacity; HOME HEALTH SPECIALISTS; DORIS ELLIOTT; AND LINDA BRASBURGER, <br><br> Defendants. | Civil Action No. 07-600 <br><br> TRIAL BY JURY DEMANDED |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on January 23, 2008, he caused the attached Answer of Defendants Home Health Specialists, Dora Elliott (incorrectly identified as Doris Elliott), Linda Brasberger (incorrectly identified as Linda Brasburger), to be electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Richard Galperin, Esq. (ID #390)
James H. McMacklin, Esq. (ID #4284)
Morris James, LLP
Suite 1500
500 Delaware Ave.
Wilmington, DE  19801

Ralph K. Durstein, III, Esq. (ID #912)
James J. Maxwell, Esq. (ID #2892)
Deputy Attorneys General
Carvel State Office Building
820 N. French St., 6th Floor
Wilmington, DE  19801

/s/ Jeffrey S. Marlin
Jeffrey S. Marlin (ID No. 176)
Donald R. Kinsley, Esquire (ID No. 3006)
Marks, O'Neill, O'Brien & Courtney, P.C.
913 N. Market Street, #800
Wilmington, DE  19801
(302) 658-6538