

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

JOSEPH R. BIDEN, III
ATTORNEY GENERAL

CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX (302) 577-6499
TTY (302) 577-5783

New Castle County
Litigation Group

Direct Dial: (302) 577-8510
ralph.durstein@state.de.us

April 11, 2008

Hon. Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 North King Street
Wilmington, De 19801

        **Re: Smith, et al., v. State of Delaware**
        **No. 07-600-JJF**

Dear Judge Farnan:

I represent the State of Delaware Division of Family Services ("DFS") and Kathleen Finn in the above-referenced lawsuit, which is in its early stages. The plaintiffs are represented by Rich Galperin and James H. McMackin, III, and the remaining defendants are represented by Jeff Marlin and Don Kinsley. The plaintiff Diane Smith acts as guardian *ad litem* for the minor plaintiffs, who are her children. The lawsuit arises out of an investigation by DFS into the abuse and neglect of the children by the mother. The matter was originally heard in the Family Court of the State of Delaware, with custody of the children eventually restored to the mother, with guidelines and precautions as to care in place.

I need to raise with the Court misgivings I have regarding conflicts of interest on the plaintiff side that have the potential to disrupt the litigation of this case. The conflicts arise from the history of the matter, in that the State intervened to protect the children from the mother. In the Family Court, Mr. Galperin represented the mother, and facilitated an amicable resolution of the case. Independent counsel was appointed to protect the interests of the children. In this lawsuit, Mr. Galperin and his firm purport to represent both mother and children, with regard to the same factual circumstances.

My first concern is that the interests of the minor children are not compatible with those of the adult plaintiff in this lawsuit. As in the Family Court, the minor children should have independent representation. The mother should not be permitted to act as guardian *ad litem*, where her conduct with respect to the children will be a fundamental issue in this case, called into question by the allegations against DFS and Ms. Finn that she makes in her lawsuit. It is for an independent guardian *ad litem* and conflict counsel (or a single lawyer acting in both capacities) to determine if the minor plaintiffs have any real claim or interest in this litigation, and/or in the resolution of the case.

The second concern is the conflict created by Mr. Galperin's role as counsel for the adult plaintiff (but not for the children) in the Family Court matter. Suffice it to say that Mr. Galperin took positions on behalf of his client in that case that are totally at odds with the claims set forth in the Complaint in this lawsuit. At trial in this case, I would seek to introduce pleadings from the Family Court docket, as well as correspondence from Mr. Galperin on behalf of his client. I would reserve the right to call Mr. Galperin as a witness to testify as to actions taken and representations made on behalf of his client in Family Court, which are inconsistent with the allegations she makes (and he has made on her behalf) in this lawsuit.

I respect the fact that, at least initially, the resolution of these significant conflicts should be a matter between Mr. Galperin and his client. That is why I took the step of initially raising my concerns by letter directed to him, and the further step of discussing them in detail with Mr. Galperin and other defense counsel. Regrettably, the response, from Mr. McMackin, has been to deny the existence of the conflicts.

The plaintiff lawyers have questioned whether my clients, in effect, have standing to raise this issue with the Court. Their position seems to be that these issues should be ignored by the defendants, and, presumably, the Court. The State defendants see the interests of the adult plaintiff and the minor plaintiffs in this case as being irreconcilable. As in the Family Court, it is the State that has a duty, if only as an officer of the Court, to protect the children's interests by raising this discrepancy. As a practical matter, discovery, settlement, motions, and trial of the case will be complicated, at the very least, if defense counsel are unable to speak privately to an independent advocate for these children. I believe that my clients would be unfairly prejudiced by the joint representation of these plaintiffs, particularly before a jury. Moreover, a settlement or other resolution of the minors' claims would be subject to an unacceptable risk of collateral attack, based on the conflict of interest. I therefore see a duty to call this difficult issue to the Court's attention.

As to the second issue, I am merely anticipating an untenable situation that could easily develop at trial – and that could conceivably result in a mistrial. The adult plaintiff has effectively waived the attorney-client privilege as to the Family Court matter by filing this lawsuit. The Family Court record, much of which directly contradicts her claims, will be offered in evidence to support the actions of Ms. Finn and other DFS investigators, and to impeach the anticipated testimony of Ms. Smith. To the extent that Ms. Smith would deny or obfuscate, with respect to the positions she took in dealing with the dependency/neglect allegations, it could well be necessary for me to call Mr. Galperin as a witness, to confirm that he took various positions (and wrote various letters) on behalf of his client, with her knowledge and approval. The Rules of Professional Conduct simply do not permit him to act as an advocate in a case where he is a witness, called to impeach his client. And as this would be an "imputed" conflict, it cannot be avoided by using another lawyer from the same firm to handle the case.

Let me emphasize that I do not seek to prevent the adult plaintiff from pursuing her claims, such as they are. I do believe that she will need new counsel to do so, and that the minor plaintiffs should have a guardian *ad litem* and lawyer who is independent. With these safeguards in place, the case could proceed without the risks arising from the present and potential conflicts of interest.

If Your Honor deems it more appropriate to deal with these issues by way of motion, I would of course proceed in that manner. However, I am hopeful that these issues could be discussed initially in conference with the Court. I have therefore taken the liberty of this informal approach to an unusual and sensitive problem. I should emphasize that all counsel have discussed these issues, in good faith, but without resolution.

Respectfully submitted,

Ralph K. Durstein, III
Counsel for the State of Delaware,
Division of Family Services, and
Kathleen Finn

xc: counsel of record