# Morris James LLP

James H. McMackin, III
302.888.5849
jmcmackin@morrisjames.com

April 17, 2008

**VIA E-FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 North King Street
Wilmington, DE 19801

> RE:    *Smith, et al., v. State of Delaware, et al.*
> *Case No. 07-600-JJF*

Dear Judge Farnan:

This letter is in response to Mr. Durstein's letter on behalf of his clients, Delaware Division of Family Services ("DFS") and Kathleen Finn ("Finn") (collectively, "Defendants"), filed on April 11, 2008. In his letter, Mr. Durstein addressed his concerns with respect to Richard Galperin's representation of Plaintiffs Diane Smith ("Smith"), A.K., S.K., and M.K., (collectively, the "Children") (Smith and Children, collectively the "Plaintiffs") and his contention that the Children should be represented by a guardian ad litem.

This is not the type of case where it would be necessary for the Children to be represented by a separate guardian ad litem. Pursuant to 13 *Del. C.* § 701(c), "Any child who is the subject of a custody, visitation, guardianship, termination of parental rights, adoption or other related proceeding in which the Division of Family Services is a party should have a guardian ad litem appointed by the Court to represent the best interests of the child." The present proceeding does not fall under the purview of 13 *Del. C.* § 701(c); therefore, no guardian ad litem is required.

Additionally, Federal Rule of Civil Procedure 17(c) provides that a general guardian may sue on behalf of a minor. The rule also provides that a minor may be represented by a guardian ad litem if he or she is unrepresented. The court's power to appoint a guardian ad litem for a minor under Rule 17(c) is restricted to cases where the minor or incompetent is "not otherwise represented" in the action. See, e. g., *Croce v. Bromley Corp.*, 623 F.2d 1084, 1093 (5th Cir. 1980) (where the Court did not appoint a guardian ad litem because the infant was "otherwise represented" by the child's legal guardian, his mother, who brought this action on his behalf). Similarly, in the present case, Smith is the Children's natural guardian as their Mother and brings suit on behalf of the Children. See 13 *Del. C.* § 701(a). There is no need for the

**Morris James** LLP

The Honorable Joseph J. Farnan, Jr.
April 17, 2008
Page 2

Children to have a guardian ad litem under FRCP 17(c).  Furthermore, Smith and the Children's interests are aligned in the present proceeding and the Children are not prejudiced in any manner; therefore, there is no need for the Children to have separate counsel.  Smith and the Children's legal arguments relate to Defendants' violation of their rights; therefore, there is no conflict among their interests.

Lastly, the Delaware Family Court already resolved the issue regarding the children's custody and welfare and those matters are not at issue in the present case.  Although some of the facts from the Family Court proceeding may be relevant in the instant proceeding, the legal arguments are completely different.  The goal of the present proceeding is not to show that Smith is entitled to have custody of her children.  The Family Court already decided that issue and rescinded custody of the Children to Smith.  The goal of the present proceeding is to demonstrate that Defendants violated Smith and the Children's rights in initiating the Family Court proceedings from the beginning.

Mr. Durstein further alleges that Mr. Galperin would be a witness to the present proceedings; however, his statements are unfounded.  Mr. Galperin does not have any first hand knowledge of the facts in the present proceedings. Any statements that Mr. Galperin made in prior proceedings were legal arguments in his capacity as an advocate for his client.  Any position that Mr. Galperin took during prior proceedings, consistent or inconsistent with the allegations or facts in the present proceeding, cannot be considered as evidence.  Mr. Durstein's allegations regarding Plaintiffs and Mr. Galperin's alleged inconsistencies in the proceedings have not been substantiated.  Mr. Galperin's role as an advocate on behalf Smith in negotiations concerning the Dependency/Neglect proceedings does not make him a witness in the present proceeding.  Moreover, under Federal Rule of Evidence 408, "conduct or statements made in negotiations" are inadmissible.

Respectfully,

James H. McMackin, III
(BAC I.D. # 4284)

JHM/jam
cc:    Ralph K. Durstein, III, Esquire (via e-filing)
       James J. Maxwell, Esquire (via e-filing)
       Donald Robert Kinsley, Esquire (via e-filing)
       Richard Galperin, Esquire (via hand delivery)
       Clerk of the Court (via e-filing)

1736783/1