## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIANE SMITH, individually, and as | : |
| guardian for A.K., S.K., and M.K. | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : Civ. No. 07-600-JJF-LPS |
| | : |
| STATE OF DELAWARE, | : |
| DEPARTMENT OF FAMILIES, | : |
| DIVISION OF FAMILY SERVICES; | : |
| KATHLEEN FINN; | : |
| HOME HEALTH SPECIALISTS; | : |
| DORIS ELLIOTT; and | : |
| LINDA BRASBURGER, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION REGARDING PLAINTIFFS'
## MOTION FOR LEAVE TO AMEND THE COMPLAINT

This is a federal question action alleging, among other things, a violation of Plaintiffs'

civil rights under 42 U.S.C. § 1983 ("§ 1983"). Pending before me is a Motion for Leave to

Amend the Complaint (hereinafter, "Motion to Amend" or "the instant motion") filed by Plaintiff

Diane Smith on behalf of herself and her minor children, A.K., S.K., and M.K.  (DI 115)

Defendants Delaware Division of Family Services ("DFS") and Kathleen Finn oppose the motion

on grounds including that the proposed amendment is without merit and was brought after undue

delay.[1] For the reasons set forth below, I recommend that Plaintiffs' motion be denied.[2]

## THE PARTIES' CONTENTIONS

By their Motion to Amend, filed on April 27, 2009, Plaintiffs request leave to amend their Complaint to add a count against DFS for retaliation in violation of § 1983. (DI 115) Plaintiffs filed their original Complaint, alleging fourteen counts of common-law and federal civil rights claims against the Defendants, on September 28, 2007. (DI 1) On April 3, 2008, the Court entered a Scheduling Order setting a fact discovery deadline of February 27, 2009 and a dispositive motion deadline of May 15, 2009. (DI 23)

Plaintiffs contend that the timing of the instant motion is reasonable because the proposed amendment adds a count for retaliation related to conduct in which DFS allegedly engaged only after – indeed, as a direct consequence of – the filing of the instant case. They argue that DFS retaliated against them for bringing suit by reviving its effort to substantiate a claim of child neglect against Smith, as part of a pending proceeding between DFS and Smith in New Castle County Family Court. DFS initiated the Family Court proceeding on January 6, 2006, when it filed an interim petition for substantiation against Smith, seeking to place her name on the Child

---

[1]Co-defendants Home Health Specialists, Dora Elliott, and Linda BRASBURGER are not directly affected by the instant motion, which proposes a new count against DFS alone. However, they join in DFS and Finn's opposition to the instant motion. (DI 120)

[2]Motions for leave to amend pleadings are typically treated as "non-dispositive" applications within the pretrial powers of a magistrate judge on referral. *See Lyondell-Citgo Ref., LP v. Petroleos de Venez., S.A.,* 2005 WL 883485 (S.D.N.Y. Apr. 14, 2005) (surveying cases). However, given the potential consequences that denial of permission to assert a claim may have on the outcome of a civil action, I have previously treated denial of a motion for leave to amend as case-dispositive, issuing a report and recommendation. *See Dougherty v. Blize,* 2008 WL 2543430 (D. Del. June 25, 2008). I do so again here.

2

Abuse Protection Registry (the "Registry") at Child Protection Level III (Child Neglect), pending

final substantiation. (DI 115 Ex. B) DFS' interim petition for substantiation was denied on

January 15, 2006. (DI 1 ¶ 30; DI 115 ¶ 2) Nevertheless, on a date not set forth in the Complaint,

DFS placed Smith on the Registry.[3] (DI 1 ¶ 33; DI 115 ¶ 3) Plaintiffs' counsel made repeated

inquiries to Deputy Attorney General Anthony V. Longo seeking to remove Smith from the

Registry and, on July 28, 2006, Longo confirmed that Smith had been removed from the

Registry, pending a substantiation hearing. (DI 1 ¶ 34; DI 115 ¶ 4) The instant motion contends

that on August 14, 2006, Longo informed Plaintiffs' counsel Richard Galperin that "DFS would

not pursue [final] substantiation against Smith." (DI 1 ¶ 34; DI 115 ¶ 4) (emphasis added)

Plaintiffs brought the instant action on September 28, 2007. (DI 1) According to the

instant motion, DFS retaliated by renewing its efforts to place Smith on the Registry – despite

Longo's earlier statement that it had ceased such efforts. Plaintiffs contend that "DFS caused a

substantiation hearing to be noticed [for] on or about October 2, 2008." (DI 115 ¶ 6) Smith

sought a continuance, so the hearing was not held until February 11, 2009, at which time the

Family Court dismissed DFS' petition for substantiation. (DI 115 Exs. G - I) DFS' March 16,

2009 appeal of the Family Court's order is pending. (DI 115 Exs. J-K)

The instant motion argues that – after DFS' interim petition for substantiation was denied

in January 2006 and Smith was subsequently "wrongfully placed" on, and eventually removed

from, the Registry – "DFS did not pursue placing Smith on the Registry for a number of years,

until after Smith exercised her legal rights by filing the present lawsuit against DFS." (DI 115 ¶

_____

[3]In a letter from DFS to Peninsula United Methodist Homes, Inc., dated July 21, 2006, DFS reported Smith was listed on its Registry as "involved in one substantiated case of Level III child neglect." (DI 115 Ex. D)

3

9) In support of the timeliness of the motion, Plaintiffs note that it comes "less than one and a half months after DFS appealed" the Family Court's February 11, 2009 order denying DFS' petition for substantiation; they further argue that allowing the proposed amendment "will serve the interests of judicial economy, avoid duplicity of filings, and avoid the possibility of inconsistent results," as Plaintiffs would have to raise the retaliation claim against DFS in a separate action, if not for the possibility of amendment. (DI 115 ¶¶ 10-11)

Defendants oppose the proposed amendment on several grounds, including that it came after undue delay and was made in bad faith and with a dilatory motive; that they would be substantially prejudiced if the amendment is permitted; and that the amendment is without merit and futile. (DI 119 at 4-8)

Central to several of Defendants' arguments is their contention that Longo "stated exactly the opposite" of what Plaintiffs allege he told Galperin on August 14, 2006, with respect to DFS' position on pursuing a petition for substantiation against Smith. *Id.* at 1. They attach to their brief a series of e-mail correspondence between Longo and Galperin from July 26 through August 14, 2006, produced by Plaintiffs as part of their initial disclosures. *See* DI 29. The document shows that on August 14 – in response to an e-mail from Galperin seeking confirmation as to whether or not DFS intended to pursue substantiation – Longo replied: "*Rich: I have confirmed with DFS that they will be pursuing the substantiation against [Smith].*" (DI 119 Ex. A) (emphasis added)

With respect to their contention that the proposed amendment came after undue delay, Defendants argue that the Complaint was filed "more than one year and eight months after [] Galperin was notified by [] Longo that DFS would continue to pursue substantiation." (DI 119 at

4

2, 4) As evidence that the proposed amendment was brought in bad faith, they cite Plaintiffs' "disingenuous[]" misrepresentation of the Longo-Galperin e-mail. *Id.* at 1, 4. Defendants further argue that the references in the instant motion to the scheduling of the substantiation hearing in 2008 amount to an admission that Plaintiffs "had prior knowledge that the substantiation proceedings were still pending." *Id.* at 5. They note that the substantiation hearing was originally scheduled during the discovery period in the instant case[4] – though Plaintiffs "unduly waited until after the close of discovery and the eve of the deadline for dispositive motions" to bring the instant motion, and have supplied no reason for the delay. *Id.* According to Defendants, Plaintiffs' real –and dilatory – motives for bringing the instant motion were to reopen the discovery process in order to pursue new avenues of discovery and to mount "a back-door challenge to [DFS'] substantiation prosecution," by seeking to pressure DFS into dropping its substantiation appeal. *Id.*

Defendants further contend that they would suffer "significant prejudice" if the amendment were allowed, because the parties would have to undertake burdensome additional discovery, which would delay the filing of dispositive motions and "indefinitely delay" trial. *Id.* at 6. They suggest that any future action taken by DFS to substantiate a child neglect claim against Smith in the ongoing Family Court proceeding "would presumably be construed by [Smith] as so-called 'retaliation' against her, and thus raw material for her open-ended claims against [DFS and Finn] in this case." *Id.*

---

[4]According to the Notice of Hearing attached to Defendants' brief, on September 4, 2008 the Family Court issued a notice to the parties setting October 2, 2008 as the date for the hearing on DFS' substantiation petition. (DI 119 Ex. B) By this Court's Scheduling Order, the deadline for all motions to amend the pleadings was May 15, 2008, and all discovery was to be completed by February 27, 2009. (DI 23 at 2-3)

Finally, Defendants argue that the proposed amendment is futile because it "does not state a claim upon which relief can be granted, is frivolous, [and] advances a claim that is legally insufficient on its face." *Id.* at 7. They maintain that "DFS has no control over or responsibility for the scheduling of substantiation hearings in the Family Court."[5] (DI 119 at 7 & Ex. B)

In their reply brief, Plaintiffs concede that they "made an error in their motion and misread the correspondence between counsel." (DI 121 at 1) They now acknowledge that Plaintiffs' counsel was informed that DFS would pursue substantiation in August 2006, over a year before Plaintiffs brought the instant case. However, Plaintiffs continue to maintain that DFS "retaliated against [] Smith by initiating the substantiation proceedings" after suit was filed. *Id.* According to Plaintiffs, DFS accomplished this by "communicat[ing] with Family Court staff to 'remind' them to notice [Smith's] substantiation proceedings in order to intimidate Smith in the present lawsuit." *Id.* at 2. Because they "do not believe" that the scheduling of the substantiation hearing eleven months after the filing of the instant case "was a coincidence or that it was just a matter of family court scheduling," Plaintiffs make clear that if amendment is allowed, they "intend to investigate the notice of the hearing through discovery." *Id.*

_____ _____ _____

[5]Defendants add that Plaintiffs' counsel in the Family Court action admitted at the substantiation hearing that DFS had no control over scheduling. (DI 119 at 7) The transcript shows that Plaintiff's counsel stated: "I understand DFS doesn't handle scheduling but I, as an attorney, if I filed a petition and it went unanswered for a year, I'd be trying to see why it wasn't scheduled." (DI 115 Ex. I, Tr. at 7)

## LEGAL STANDARDS

In pertinent part, Rule 15(a) of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been filed, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the Court. *See Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir.2008). Factors the Court should consider in exercising its discretion include "undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997). Delay alone, however, is an insufficient reason to deny leave to amend. Rather, any delay in seeking leave to amend must be coupled with either a burden on the Court or undue prejudice to the non-moving party if the amendment is allowed. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir.2001). A party suffers undue prejudice if the proposed amendment causes surprise, results in additional discovery, or adds costs to the litigation in defending against the new facts or theories alleged. *See id.* Further, if prejudice to the nonmovant exists, the Court must balance the prejudice to the non-moving party against the harm to the movant if leave to amend is not granted, keeping in mind that the goal is to have cases decided on the merits. *See, e.g., Amquip Corp. v. Admiral Ins. Co.*, 231 F.R.D. 197, 199 (E.D. Pa. 2005). "Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. If the proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Koken v. GPC Int'l, Inc.,* 443 F.Supp.2d 631, 633-634 (D. Del. 2006) (internal quotation marks omitted).

## DISCUSSION

I agree with Defendants that Plaintiffs' delay in bringing the instant motion was undue, and that allowing the proposed amendment would result in undue prejudice to Defendants outweighing any prejudice to Plaintiffs. Plaintiffs now contend that DFS retaliated against Smith for filing suit in September 2007 by urging the Family Court to schedule a hearing on DFS' substantiation petition – which Plaintiffs had known about since August 2006 – for October 2008. Putting aside the question of whether DFS' persisting in a course of conduct it confirmed it would pursue over a year before Plaintiffs filed the instant case could amount to retaliation for bringing the instant case, it is clear from the record that Plaintiffs were aware that the substantiation proceedings were going forward as of September 4, 2008, the date the Family Court issued its Notice of Hearing. (DI 119 Ex. B) Thus, Plaintiffs were aware of the alleged retaliation nearly six months before the February 27, 2009 close of fact discovery in this case. Plaintiffs waited two months past the deadline – until April 27, 2009 – to file the instant motion. (DI 115) Although Plaintiffs contend that they merely waited "approximately one month and a half after DFS appealed [the] dismissal of its petition for substantiation" on March 16, 2009 to bring the instant motion, the alleged retaliatory conduct had commenced much earlier – by at least September 4, 2008 – as Plaintiffs were aware.

Significantly, Plaintiffs confirm that if the instant motion is granted they "intend to investigate the notice of the hearing through discovery" in order to prove "that DFS played a part in re-initiating the substantiation proceedings against Smith after she filed the present lawsuit." (DI 121 at 2) Re-opening discovery at this juncture, particularly when Plaintiffs could have pursued this very line of investigation within the discovery period set by the Court's Scheduling

8

Order, would result in undue prejudice to Defendants. In evaluating "the hardship to the defendants if the amendment were permitted," the Court must "consider[] whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories." *Cureton*, 252 F.3d at 273. Here, allowing amendment would require DFS to incur additional discovery costs which could have been avoided, in order to defend itself against a theory of retaliation that has already undergone one significant modification since the instant motion was brought. The additional discovery would delay all further aspects of the case, depriving the parties and the Court of the possibility of a prompt resolution of this action.

Moreover, I find that the prejudice to Defendants if the proposed amendment is allowed would outweigh any harm Plaintiffs might incur by denying the instant motion. As set forth in the original Complaint, Plaintiffs' case includes fourteen counts for a variety of common-law and federal civil rights violations – including counts against DFS for malicious prosecution and wrongful use of civil proceedings, which address DFS' conduct in bringing the interim petition for substantiation in the first place. Denying the proposed amendment will not compromise Plaintiffs' ability to litigate their case on its merits.

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiffs' Motion to Amend the Complaint be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections **of no longer than ten (10) pages within ten (10) days after being served with a copy of this**

**Report and Recommendation**. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 Fed. Appx. 924, 925 n.1 (3d Cir. 2006). **A party responding to objections may do so within ten (10) days after being served with a copy of objections; such response shall not exceed ten (10) pages. No further briefing shall be permitted with respect to objections without leave of the Court.**

The parties are directed to the Court's Standing Order in Non-*Pro Se* Matters For Objections Filed Under Fed. R. Civ. P. 72, dated April 7, 2008, a copy of which is available on the Court's website at www.ded.uscourts.gov/StandingOrdersMain.htm.

Dated: July 21, 2009

Honorable Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE