IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIANE SMITH, Individually and as guardian for A.K., S.K. & M.K., ET AL., | : : : |
| Plaintiffs, | : : |
| v. | : C.A. No. 07-600-JJF-LPS |
| STATE OF DELAWARE, DEPARTMENT OF SERVICES FOR CHILDREN, YOUTH & THEIR FAMILIES, DIVISION OF FAMILY SERVICES, ET AL., | : : : : : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court is the application of the State Defendants (Kathleen Finn and the Division of Family Services ("DFS")) and the Home Health Specialists Defendants (Home Health Specialists, Doris Elliott, and Linda Brasburger; collectively with the State Defendants "Defendants") for an order pursuant to Fed. R. Civ. Proc. 35 directing that psychological evaluations of the Minor Plaintiffs (A.K., S.K., and M.K.) proceed. (D.I. 156, D.I. 164, D.I. 171) Defendants wish to have their expert psychologist, Dr. Samuel Romirowsky, examine the three Minor Plaintiffs for up to two hours each, outside the presence of their mother (Plaintiff Diane Smith) or anyone but Dr. Romirowsky. *See* D.I. 156 at 2 ("Each evaluation would be conducted by Dr. Romirowsky without any other person present, and the person dropping off each minor Plaintiff shall not remain in Dr. Romirowsky's office waiting room during the evaluation."). Defendants argue that they should be permitted to proceed with these examinations because the Minor Plaintiffs are pursuing damages for psychological harm they suffered during the alleged

1

false imprisonment they underwent when they were removed from their home for approximately three days in November 2005. Unless Dr. Romirowsky determines from his examinations that the Minor Plaintiffs have no meaningful memory of the events of November 2005, Defendants wish, thereafter, to depose the Minor Plaintiffs as well. (D.I. 171 at 2)

The following undisputed facts emerged from the parties' letter-briefs and the telephonic hearing (D.I. 179) that was held with respect to Defendants' request for psychological evaluations:

- On November 4, 2005, following an investigation by Defendant DFS and pursuant to an Order of the Delaware Family Court, the Minor Plaintiffs were removed from the home of their mother (the adult Plaintiff, Diane Smith) and placed in the custody of DFS for a period of about three days, until they were returned to their mother on November 7, 2005.

- At the time of the events in November 2005, the Minor Plaintiffs (who are triplets) were 5 years old. They are now 9 years old.

- The only psychological or emotional damage for which the Minor Plaintiffs are seeking to be compensated is damage they suffered during the three-day period when they were removed from their mother's home. They are not seeking compensation for, and will not be presenting evidence of, any ongoing psychological or emotional damage they may have suffered following their return to their mother's home after the three-day absence. *See* D.I. 166 at 2 ("Plaintiffs are not pursuing present and future emotional distress damages . . . ."). The only claim being prosecuted on behalf of the Minor Plaintiffs is the false imprisonment claim. *See* D.I. 179 at 5-6, 23.

- No party intends to call any of the Minor Plaintiffs as witnesses at trial. The Plaintiffs will attempt to prove that the Minor Plaintiffs suffered psychological and emotional harm during their three-day false imprisonment through the testimony of adult fact witnesses who observed the Minor Plaintiffs' behavior at the time. *See* D.I. 166 at 2 ("A jury will evaluate the Children's emotional distress by listening to the witnesses with first hand knowledge who were present."); *id.* at 3 ("Plaintiffs intend to rely exclusively on [the adult Plaintiff] and other eyewitnesses to testify as to the emotional damages of the Children."); *see also* D.I. 179 at 13 ("We are talking about the lay understanding, as the jury instructions provide, that . . . they were upset. They were crying. They were

      shaking. They were hysterical. They were bawling. There were saying, where's my mommy, where's my mommy, stuff like that.").

- Although the Plaintiffs have produced the report of an expert (the pediatrician who has treated the Minor Plaintiffs) opining that the Minor Plaintiffs suffered "lasting emotional trauma" that extended beyond the three days of the alleged false imprisonment (D.I. 156 Exs. 1 & 2), the Plaintiffs will not be offering this testimony – or any evidence of lasting emotional trauma – at trial.

As for what, if anything, the Minor Plaintiffs recall about the three days in November 2005 when they were removed from their mother's home, the record is not entirely undisputed. Counsel for the Minor Plaintiffs' mother (*i.e.*, counsel for Smith, the adult Plaintiff), as well as the Minor Plaintiffs' guardian *ad litem*, represent that they do not believe the Minor Plaintiffs have any memory of these events. The Plaintiffs, with the endorsement of the guardian *ad litem*, have offered to stipulate that the Minor Plaintiffs do not have any meaningful recollection of the three-day period in November 2005 during which they were removed from their home. *See* D.I. 179 at 17-19. Notwithstanding the proposed stipulation, Defendants insist they "are entitled to have the [M]inor Plaintiffs evaluated to determine whether the [M]inor Plaintiffs in fact do not have any meaningful recollection about the events of November 2005 and the extent of any emotional distress they suffered from the alleged false imprisonment." (D.I. 171 at 1)

Also disputed is what, if any, harm the Minor Plaintiffs would suffer if they were to undergo an independent psychological evaluation and, potentially, be asked to try to recall the events of November 2005. The record contains a letter from Dr. Romirowsky opining that "the proposed psychological evaluations of the children will have no significant psychological effect on them, and they will in no way be 'traumatized' by the evaluation itself." (D.I. 156 Ex. 3; D.I. 179 at 24) However, Dr. Romirowsky has never met the Minor Plaintiffs. The Court does not

3

believe it is bound to accept his opinion simply because it is the only expert opinion in the record. Counsel for the Plaintiffs believes the "questioning process itself will recreate the events of the Children's ordeal." (D.I. 166 at 3) Likewise, the guardian *ad litem*, who has substantial familiarity with the Minor Plaintiffs, argues persuasively that "there is a great risk that the examination[s] will harm" the Minor Plaintiffs by "reawaken[ing] fears of being separated from their mother that were long ago repressed." (D.I. 171 at 3)

After carefully considering the competing interests at stake, the Court has determined that the appropriate resolution is to **DENY** Defendants' requested examinations. Although Rule 35 permits the Court to order a mental evaluation of a party where that party's "mental . . . condition . . . is in controversy," here what is "in controversy" is the Minor Plaintiffs' mental condition during a three-day period that occurred more than four years ago. There is little reason to believe that a mental evaluation of these 9 year-olds, performed four years after the fact, will yield meaningful evidence of their mental condition during a three-day period that occurred when they were 5 year-olds. It is not reasonably likely that the examinations would lead to relevant evidence. The prejudice to Defendants from not having their expert examine the Minor Plaintiffs is almost entirely eliminated by the stipulation, which will be read to the jury, that the Minor Plaintiffs have no meaningful recollection of the events of the three critical days in November 2005 and that they are not seeking to recover for any lasting psychological or emotional harm from those events.

The Minor Plaintiffs will not be testifying at trial. The Plaintiffs' witnesses who will testify – as to what they observed in the Minor Plaintiffs' behavior during the three days at issue

– will be subject to cross-examination by Defendants.[1] The Court is also mindful that the Minor Plaintiffs are just that: minors. While there are undoubtedly circumstances in which it is necessary to permit an opposing party to conduct an independent mental evaluation or even a deposition of a minor, here, for the reasons already set forth, those circumstances are not present.

Accordingly, **IT IS HEREBY ORDERED THAT** Defendants' request to take psychological examinations of the Minor Plaintiffs is DENIED. Defendants' request for sanctions, under Fed. R. Civ. Proc. 37(a)(4), is also **HEREBY DENIED.**

**IT IS HEREBY FURTHER ORDERED THAT** a stipulation will be read to the jury during trial stating that the Minor Plaintiffs have no recollection of the events of November 4-7, 2005 and that are not seeking to recover for any lasting psychological or emotional harm from those events.

DATED: February 8, 2010

　　　　　　　　　　　　　　　　　　Honorable Leonard P. Stark
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] Defendants proposed that Dr. Romirowksy's evaluation of the Minor Plaintiffs precede their depositions. In an effort to compromise, Defendants further offered that if Dr. Romirowsky determined that the children did not have any memory of the events, there would be no reason to request depositions. (D.I. 179 at 7) Since a stipulation will be read to the jury indicating that the Minor Plaintiffs do not have any meaningful recollection of the events, there is no reason for the depositions. Since the examinations were largely sought to determine the necessity of depositions, it follows that there is no need for the evaluations either.